

2005 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

8-11-2005

# Thakar v. John F Kennedy Med

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thakar v. John F Kennedy Med" (2005). *2005 Decisions.* Paper 707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4025
_____

CHETAN THAKAR,

Appellant

V.

JOHN F. KENNEDY MEDICAL CENTER; MARTIN GIZZI, Director of Neurology
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 03-cv-04536)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
August 8, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed August 11, 2005)

_____

OPINION
_____

PER CURIAM

   Chetan Thakar, proceeding pro se, appeals an order of the United States District

Court for the District of New Jersey dismissing his complaint against John F. Kennedy

Medical Center ("JFK") and Martin Gizzi, M.D. For the reasons that follow, we will affirm.

Thakar, who was born in India, was terminated in 1998 from his position as Chief Resident in Neurology at JFK. In his complaint, he claims that he was discriminated against based upon his race and national origin. Thakar also claims that JFK and Gizzi fraudulently tampered with the results of his medical licensing examination. In addition, Thakar claims that JFK and Gizzi breached his Residency Agreement.[1]

The District Court granted JFK's and Gizzi's motion to dismiss the complaint. The District Court concluded that Thakar's discrimination claim is time-barred because he did not file a discrimination charge with the Equal Employment Opportunity Commission within 300 days of the challenged employment action, as required by 42 U.S.C. § 2000e-5(e)(1). The District Court dismissed Thakar's fraud claim because he failed to plead his claim with particularity as required by Federal Rule of Civil Procedure 9(b). Finally, the District Court dismissed Thakar's breach of contract claim against Gizzi because Gizzi was not a party to the Residency Agreement, and declined to exercise supplemental jurisdiction over his breach of contract claim against JFK.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Freed v. Consol. Rail Corp., 201 F.3d 188, 190-91 (3d Cir. 2000).

---

[1]Thakar also asserted a claim of breach of privacy, but does not pursue that claim on appeal.

Thakar does not dispute that he filed his discrimination charge more than 300 days after the events underlying his claim. He argues that the statute of limitations should be equitably tolled because he was not knowledgeable about the American legal system and was unable to find legal representation. He also states that JFK and Gizzi ignored efforts he made to resolve this matter. We agree with the District Court that equitable tolling does not apply. Thakar does not contend that JFK and Gizzi actively misled him about his cause of action, or that he was prevented from asserting his rights in some extraordinary way. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

On his fraud claim, Thakar argues that he should have been afforded the opportunity to amend his complaint in order to plead fraud with the requisite particularity. Thakar sought leave to amend his complaint, and the Magistrate Judge advised him that he should include his request in his opposition to the pending motion to dismiss. Although not mentioned in the District Court's opinion, Thakar did so. However, he did not show that he could cure the deficiencies in his complaint.

In support of his claim, Thakar stated that his medical licensing exam results were intercepted and replaced with a forged document reflecting a failing score, and that this document is in a different font and on different paper than other results he has received. He also stated that the envelope containing the results has a fake post mark, and did not include the test application that should come with a failing result. Thakar alleges that

Gizzi is directly responsible, and that JFK is the other obvious defendant. He further alleges he is unable to get his original results absent a court order. Thakar does not aver how Gizzi or JFK was involved in the alleged fraud, nor does he state that he has been informed that he actually passed the test. Thakar's allegations fail to satisfy the requisites of Rule 9(b). See In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (noting in securities fraud case that plaintiffs must accompany their theory with factual allegations that make the claim plausible).

Thakar also does not dispute that he does not state a breach of contract claim against Gizzi because Gizzi was not a party to the Residency Agreement. Instead, he argues that the District Court should have construed his allegations as a claim for tortious interference with contract. Because Thakar never argued in the District Court – in his opposition to the motion to dismiss or elsewhere – that his complaint should be construed in this manner, we will not entertain this argument. See Dluhos v. Strasberg, 321 F.3d 365, 373 (3d Cir. 2003) (finding it unnecessary to address issues raised for the first time on appeal).

Accordingly, we will affirm the order of the District Court dismissing Thakar's complaint.