**Chetan THAKAR, Appellant**

v.

**Herbert J. TAN, Esq.; Mark Manta, Esq.; Gerald J. Resnick, Esq.; Jonathan Nirenberg, Esq.; The Community Hospital Group Inc., t/a JFK Medical Center.**

No. 09–2084.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 24, 2010.

Opinion filed:  March 25, 2010.

See also 149 Fed.Appx. 53 and 2007 WL 1498816.

Chetan Thakar, Long Beach, CA, pro se.

Victoria A. Cabalar, Esq., Howard B. Mankoff, Esq., Marshall, Dennehey, Warner, Coleman & Goggin Roseland, NJ, Elliott Abrutyn, Esq., Morgan Melhuis Abrutyn, Livingston, NJ, Kathleen B. Einhorn, Esq., Genova, Burns & Vernoia, Newark, NJ, for Herbert J. Tan, Esq.; Mark Manta, Esq.; Gerald J. Resnick, Esq.; Jonathan Nirenberg, Esq.; The Community

Hospital Group Inc., t/a JFK Medical Center.

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Chetan Thakar appeals the dismissal of his pro se complaint asserting claims of legal malpractice and conspiracy. We will affirm.

## I.

Thakar filed a two-count complaint in the United States District Court for the District of New Jersey asserting claims of (1) legal malpractice against four lawyers (Resnick, Nirenberg, Manta, and Tan) whom he had retained to represent him in civil actions in state and federal court, and (2) a conspiracy between each of those four lawyers and the Community Hospital Group Inc. t/a JFK Medical Center ("JFK").

According to the complaint and its numerous attached exhibits, Thakar's appointment as Chief Resident in Neurology at JFK was terminated in May 1998. Thakar received a failing score on a medical licensing exam, although he maintains that "the score he received ... is a forged document[.]" Compl. ¶ 13. Thakar filed suit in federal court, alleging discrimination, wrongful termination, and other claims, see *Thakar v. JFK Medical Ctr.,* 149 Fed.Appx. 53 (3d Cir.2005), and he later filed suit in state court, alleging breach of contract, see *Thakar v. JFK Medical Ctr.,* No. A1337–06, 2007 WL 1498816 (N.J.Super.Ct.App.Div. May 24, 2007).

After losing both suits, he filed this action, suing JFK on the theory that it had conspired with his lawyers. Thakar claimed that because his lawyers "committed malpractice in one way or another," causing him to lose the federal and state cases, "[t]his raises extremely strong circumstances of conspiracy between each of these attorneys and JFK." Compl. ¶ 38. He alleged, "[o]n information and belief, [that] JFK approached each attorney individually, ... and unduly influenced them into prejudicing Thakar's claims against JFK." *Id.* Thakar sought to recover damages.

The District Court granted JFK's motion to dismiss. It held that Thakar's allegations were insufficient under the requirements of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), to state a claim for conspiracy because Thakar rested his claim on the mere failure of his lawyers to prevail in the suits against JFK. Because Thakar alleged no other facts to support his conspiracy theory, the District Court concluded that the possibility of a conspiracy did not rise above the level of conjecture, and therefore the claim cannot survive dismissal under Rule 12(b)(6).

The District Court then granted Resnick and Nirenberg's motion to dismiss, holding that (1) the malpractice claims must be dismissed with prejudice because Thakar failed to file an affidavit of merit under N.J.S.A. § 2A:53A–27, and (2) the conspiracy claims fail under *Twombly.* The District Court also granted Manta's motion to dismiss for the same reasons, rejecting Thakar's argument that his case falls within the common knowledge exception to the affidavit of merit requirement. Finally, after notice to Thakar, the District Court dismissed the claims against Tan without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect timely service of the summons and complaint. Thakar timely filed this appeal.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary of a dismissal under Rule 12(b)(6). *Lora–Pena v. F.B.I.*, 529 F.3d 503, 505 (3d Cir.2008). When deciding a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008). We review a dismissal under Rule 4(m) for abuse of discretion. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997).

Thakar first challenges the dismissal of his conspiracy claim. He argues that the allegations in his pro se complaint are sufficient to state a claim, and that the District Court erred in applying the standards of *Twombly* rather than what Thakar perceives as a more forgiving standard applied to pro se litigants in *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). We discern no error in the District Court's analysis.

To survive a motion to dismiss, a complaint—even a pro se complaint—"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We have held that a conspiracy claim "must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." *Capogrosso v. Supreme Ct. of*

N.J., 588 F.3d 180, 184 (3d Cir.2009) (per curiam). While we are "mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances ..., the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Id.* (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir.1990)).

■ Thakar's conspiracy claim is premised on the fact that he lost his suits against JFK, and his rank speculation that JFK must have approached his lawyers and influenced them. These allegations are plainly insufficient. *Cf. Capogrosso*, 588 F.3d at 185 (plaintiff failed to state conspiracy claim based on allegation "that Judge Fast interacted with Judge Iglesias after presumably hearing her discuss her case in a hallway, and that Judge Iglesias' subsequent adverse ruling gives rise to an inference of conspiratorial conduct"). While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, *see Erickson*, 551 U.S. at 94, 127 S.Ct. 2197, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se. Thakar's allegations, construed liberally, fail to state a claim for relief.

■ Thakar argues that the District Court erred in failing to afford leave to amend the conspiracy claim. "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008). Here, amendment would be futile. In response to JFK's motion to dismiss, Thakar relied upon his

speculation that a conspiracy was afoot because so many of his attorneys allegedly committed malpractice; he gave no indication that he could provide additional factual support for the claim. Similarly, in a proposed amended complaint filed with the District Court, Thakar merely sought to add another lawyer as a defendant for alleged malpractice; he set forth no additional facts to support the conspiracy claim. Thakar offers no explanation on this appeal as to how he would amend to state a viable claim. We are satisfied that leave to amend was not required.

Thakar next challenges the dismissal of his malpractice claim against Manta for failure to file an affidavit of merit.[1] Under New Jersey law, which the parties agree governs this case, a plaintiff alleging malpractice by a licensed professional must, within 60 days after an answer to the complaint, "provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J. Stat. Ann. § 2A:53A–27. This statute reflects substantive state law and must be applied in diversity actions. *See Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir.2000). Failure to provide an affidavit of merit within the time required warrants dismissal "for failure to state a cause of action." N.J. Stat. Ann. § 2A:53A–29.

Thakar concedes that he failed to file an affidavit of merit, but he argues that his case turns on "common knowledge" regarding legal malpractice, and thus no affidavit should be required. "The factual predicate for a common knowledge case is one where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 579 (3d Cir.2003) (quotation marks omitted); *see Hubbard v. Reed*, 168 N.J. 387, 774 A.2d 495, 500 (2001) ("If jurors, using ordinary understanding and experience and without the assistance of an expert, can determine whether a defendant has been negligent, the threshold of merit should be readily apparent from a reading of the plaintiff's complaint."). If, however, "the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession," an affidavit of merit is required. *Couri v. Gardner*, 173 N.J. 328, 801 A.2d 1134, 1141 (2002).

Thakar's claim does not turn on common knowledge. Thakar challenges Manta's alleged delay in filing suit in state court, which he claims resulted in dismissal of the suit as barred by the statute of limitations. As the District Court observed, understanding a lawyer's duties with regard to a statute of limitations depends on an industry standard of care, and is beyond the experience of the ordinary person. Expert testimony would be required to determine the duty of care owed, and whether Manta's actions breached that duty. *See Aster ex rel. Garofalo v. Shoreline Behavioral Health*, 346 N.J.Super.

---

1. Thakar, who is an experienced and educated litigant, expressly limits the argument under "Point III" of his opening brief (and "Point IV" of his reply brief) to challenging the dismissal of his malpractice claim against Manta only. Because he does not raise any challenge to the dismissal of his malpractice claims against Resnick and Nirenberg, we deem those issues waived. *See Capogrosso*, 588 F.3d at 184 n. 1. The waiver notwithstanding, we are satisfied that Thakar's claims were properly dismissed for failure to file an affidavit of merit.

536, 788 A.2d 821, 825 n. 4 (N.J.Super.Ct.App.Div.2002) ("Because plaintiff's predicate for liability as asserted in the complaint is the manner in which a 'licensed person' exercised responsibilities and judgment, and because the respects in which the deficiencies occurred, if indeed they did occur, is not a matter within the knowledge of the average citizen or juror, plaintiff would need an expert in order to make out a prima facie case before the jury.").

Assuming he must file an affidavit of merit, Thakar argues that he substantially complied with the statute. New Jersey recognizes substantial compliance with the affidavit of merit requirement, but to invoke the doctrine a defaulting party must show: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." *Newell v. Ruiz*, 286 F.3d 166, 169 (3d Cir.2002) (citation omitted). We fully agree with Manta that Thakar has not shown substantial compliance, as Thakar bases his argument mainly upon an assertion that he contacted numerous attorneys to represent him in the past, and was unable to obtain "competent representation." Appellant's Br. at 16; *cf. Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 771 A.2d 1141 (2001) (plaintiff's submission of medical reports to the defendants' insurance carrier before trial in an effort to settle claim constituted substantial compliance).

■ Finally, Thakar challenges the dismissal without prejudice under Rule 4(m) of his claims against Tan. Rule 4(m) provides that if service is not made within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Thakar claims that he served Tan by certified mail at his New Jersey business address, and he points to a proof of service that he filed approximately two weeks after filing the complaint. (Docket # 3.) Tan filed a letter with the court claiming that he was never served. (Docket # 6.) On March 12, 2008, the Clerk entered an order advising that the matter would be dismissed unless Thakar could establish that he served within 120 days after filing the complaint. Thakar responded by letter stating that he would rely on the proof of service previously filed. (Docket # 44.) On March 20, 2009, the District Court dismissed the matter under Rule 4(m), finding that Thakar had failed to serve within the time required.

The federal rules provide in relevant part that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).[2] Thakar does not cite any New Jersey rule that he believes supports his claim of proper service upon Tan. Personal service is the "primary method of obtaining in personam jurisdiction over a defendant" in New Jersey, N.J. Ct. R. 4:4–4, and Thakar, as noted, did not effect personal service. The New Jersey rules provide for "optional mailed service" by registered or certified mail in lieu of personal service, but "such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the

---

**2.** It is undisputed that Thakar did not serve Tan personally, did not leave a copy of the complaint at Tan's dwelling house or usual place of abode with a suitable person, and did not deliver the complaint to an authorized agent. *See* Fed.R.Civ.P. 4(e)(2).

complaint or otherwise appears in response thereto." N.J. Ct. R. 4:4–4(c). Tan never responded to the complaint, thereby making any certified mailing ineffective. Finally, under Rule 4:4–3, New Jersey permits service by certified mail if "personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. 4:4–3. Thakar has demonstrated no attempt at personal service. On this record, the District Court properly dismissed the claims against Tan.

## III.

We have considered Thakar's remaining contentions, including those raised for the first time in his reply brief, and we find those contentions either waived or without merit. Based on the foregoing, we will affirm the District Court's judgment.