**Nelson LORA–PENA, Appellant**

v.

**FEDERAL BUREAU OF INVESTIGATION; United States Marshal Service; Deputy U.S. Marshal Robert Denney; Deputy U.S. Marshal Jack Leo; Deputy U.S. Marshal William David; SUP DEP U.S. Marshal Thomas Davis; Fugitive Apprehension Task Force; Task Force Officer Fletcher; Task Force Officer Daily; Task Force Officer Bowers; State Police Trooper Hahn; United States.**

---

No. 07–3511.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 10, 2008.

Opinion Filed: June 20, 2008.

Nelson Lora–Pena, Canaan USP, Way-
mart, PA, for Appellant.

Seth M. Beausang, Esq., Office of the
U.S. Attorney, Wilmington, DE, for Appel-
lees.

Before: SLOVITER, BARRY and
NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

This is an appeal from the District
Court's dismissal of Nelson Lora–Pena's
civil complaint. For the following reasons,
we will vacate the District Court's order
and remand the case for further proceed-
ings.

On July 20, 2006, Appellant, an inmate
at United States Penitentiary–Canaan, ini-
tiated a pro se civil action against a Penn-
sylvania state trooper, various U.S. Mar-

shals, the U.S. Marshal Service, and the Federal Bureau of Investigation.[1] The action arises out of Lora–Pena's April 9, 2005 arrest for violating the terms of his supervised release imposed in the District of Rhode Island. Lora–Pena alleged that, during the arrest, officers repeatedly punched and kicked him after he fell to the floor. The arresting officers testified that Lora–Pena had both resisted arrest and assaulted them. Deputy Marshal Jack Leo described Lora–Pena as "scratching," "clawing," and "punching" him as well as using his two pit bulls to assault two deputy United States Marshals. Leo admitted to striking Lora–Pena, but only to an extent necessary to protect his firearm and to subdue him. As a result of the circumstances of the arrest, Lora–Pena was found guilty by a jury of three counts of assault on a federal officer in violation of 18 U.S.C. § 111 and one count of resisting arrest. *See United States v. Lora–Pena,* 227 Fed.Appx. 162 (3d Cir.2007) (affirming Appellant's conviction).

In this civil suit, Lora–Pena alleged that Leo used excessive force against him during the arrest in violation of the Eighth Amendment. Further, Lora–Pena claimed that officers violated his Fifth and Fourteenth Amendment rights to due process of law, "including the right to be free from unjustified and excessive force utilized by federal, state or local police." The District Court dismissed Appellant's complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. *Atkinson v. LaFayette College,* 460 F.3d 447, 451 (3d Cir.2006). Plenary review requires us to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir.2005).

We begin by noting that the District Court properly analyzed Lora–Pena's excessive force claims under the Fourth Amendment. *See Graham v. Connor,* 490 U.S. 386, 398–99, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (Eighth Amendment standard applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions).

The Supreme Court has held that, if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 484–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2] The trial judge instructed the jury in Lora–Pena's criminal case that in order to find Lora–Pena guilty of assaulting a federal officer, they had to determine that the officer was acting in the performance of his official duties. The District Court reasoned that *Heck* barred Lora–Pena's claims because an officer who uses exces-

---

**1.** Appellant's action is a mix of *Bivens* and 42 U.S.C. § 1983 claims. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens,* the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. Therefore, constitutional claims against federal officers

are properly brought under *Bivens* and any claims against state officers are § 1983 claims.

**2.** Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims. *See, e.g., Williams v. Hill,* 74 F.3d 1339, 1341 (D.C.Cir. 1996) (per curiam).

sive force is not, in good faith, performing his official duties. The District Court also found that Lora–Pena's excessive force claim was inextricably intertwined with his convictions for resisting arrest and assaulting federal officers and therefore must be dismissed pursuant to *Heck.*

■ We cannot agree with the District Court that Lora–Pena's convictions for resisting arrest and assaulting federal officers bars his civil suit at the Rule 12(b)(6) stage. Despite the government's argument to the contrary, the question of whether the officers used excessive force was not put before the jury. The jury only determined whether the officers were acting within the scope of their official duties. Nowhere in the jury instructions did the trial judge state that the jury must determine whether the officers used excessive force against Lora–Pena. It is conceivable that a law enforcement officer, acting within the scope of his official duties, may use force that is excessive in effectuating a lawful arrest. *See Nelson v. Jashurek,* 109 F.3d 142, 145–146 (3d. Cir. 1997). In *Nelson,* the plaintiff had been convicted in state court of resisting arrest. Under Pennsylvania law, to convict the plaintiff, the jury had to find that the officer involved "was justified in using 'substantial force.' " *Nelson,* 109 F.3d at 145. In reversing the district court's grant of summary judgment, we determined that "the fact that Jashurek was justified in using 'substantial force' to arrest Nelson does not mean that he was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively unreasonable." *Id.* Unlike in *Heck,* Nelson was not arguing that Jashurek falsely arrested him but rather "that Jashurek effectuated a *lawful* arrest in an *unlawful* manner." *Id.* at 146 (emphasis added). Similarly, Lora–Pena's

convictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions.

We are not suggesting that Lora–Pena will be able to recover damages, only that the rationale of *Heck* does not present an absolute bar to his claim. In order to succeed on his excessive force claim, Lora–Pena must still show that the officers' actions were unreasonable in light of the circumstances of the arrest. *See Kopec v. Tate,* 361 F.3d 772, 776–77 (3d Cir.2004). For the reasons stated above, we will vacate the District Court's order entered on July 16, 2007 and remand the case for further proceedings consistent with this opinion.