OPINION
PER CURIAM.
Gerald Smith filed a civil rights action against numerous individuals, including various judges and attorneys who have taken some part in his legal matters, and Matthew Bender, Chief of the Lehighton Police Department. The District Court dismissed the action as to all defendants except Bender. In his amended complaint, Smith alleged that Bender used excessive force against him. Smith appeals following entry of orders by the District Court granting Bender’s motion for summary judgment.[1] We will affirm the judgment of the District Court.
I.
Smith alleges that (then) Officer Bender violated the Eighth Amendment by using excessive force against him on two occasions: on November 24, 2005, when Bender pulled him over for running through a stop sign, and on January 25, 2006, when Bender escorted him to a preliminary hearing in leg restraints. Smith alleges that, related to the traffic stop, Bender grabbed his forearm, then later used pepper spray on him, causing injuries. Smith also alleges that, after a chase, Bender used a slapstick on him, striking him in the back of his legs and in the ribs. Related to the preliminary hearing, Smith alleges that his leg restraints were too tight, and that Bender dragged him by the shoulder across the street.
Bender filed a motion for summary judgment and an accompanying statement of facts pursuant to Middle District of Pennsylvania Local Rule 56.1. Smith opposed the motion, but neglected to file a counter-statement of facts. The magistrate judge recommended granting the summary judgment motion, and the District Court, over Smith’s objections, adopted the magistrate judge’s recommendation. Smith now appeals.
II.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review, and must determine whether the record, when viewed in the light most favorable to Smith, shows that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. See Torres v. Fauver, 292 F.3d 141,145 (3d Cir.2002).
III.
At the outset, we note that it is not clear whether the District Court conducted a de novo review of the report and recommendation. The District Court observed that because Smith “failed to set forth specific objections” to the magistrate judge’s ree- *808 ommendations, de novo review was not required, yet it characterized its conclusions as being based upon “an independent examination.” A review of Smith’s objections reveals that they were highly specific, and directed at particularized factual statements in the report and recommendation. Accordingly, de novo review was warranted. Regardless of the standard applied, the District Court was correct in granting the motion for summary judgment.
Because Smith neglected to file “a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth” in Bender’s statement of facts, the District Court was entitled to deem the statement of facts as admitted. See Local Rule 56.1. These facts include that Smith exited his vehicle and assumed a fighting stance after being pulled over for a routine traffic stop. Instead of placing his hands on his vehicle as Bender instructed, Smith physically resisted. After being sprayed with pepper spray, Smith kicked Bender in the chest, knocked him to the ground and charged him. Although Bender attempted to contact backup assistance during this time, he was unsuccessful. Smith ran away causing Bender to chase after him. After Bender caught Smith he ordered Smith to the ground, but Smith again resisted. Bender struck Smith in the leg, and was then able to get Smith’s hands behind his back and put him in custody.
When considering Bender’s motion for summary judgment, the District Court incorrectly analyzed Smith’s traffic stop-related excessive force claim as an Eighth Amendment claim and applied the standard used to evaluate the use of force against inmates by prison officials. Though Smith is currently incarcerated, his primary excessive force claim arises out of the vehicle stop resulting in his arrest. Accordingly, the claim is analyzed under the Fourth Amendment’s objective reasonableness standard. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir.2008). The relevant inquiry is whether the officer’s actions were objectively reasonable in light of the facts and circumstances confronting him. See Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The proper application of this inquiry “requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.” Id. at 396, 109 S.Ct. 1865. Other factors to consider include the possibility that the suspect is violent, the duration of the action, and the possibility that the suspect may be armed. See Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997), abrogated on other grounds by Curley v. Klem, 499 F.3d 199 (3d Cir.2007).
The record supports the District Court’s conclusions that the force used by Bender was applied in an effort to restore discipline during a reasonably perceived threat, that Smith’s injuries were limited, and that the severity of the force Bender used was reasonable.
The District Court correctly applied the Eighth Amendment standard to Smith’s other excessive force claim. Since Smith was a pretrial detainee at the time he was transported to his preliminary hearing, the claim related to that transportation is analyzed as a potential violation of the Due Process Clause of the Fourteenth Amendment. See generally Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990). However, in evaluating such excessive force claims this Court applies the standard governing Eighth Amendment cruel and unusual punishment cases. See Fuentes v. Wagner, 206 F.3d *809 335, 345 (3d Cir.2000) (relevant inquiry is “whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm”).
Bender’s unopposed statement of facts state that Smith stopped in the middle of the street in his leg restraints when they arrived at the hearing, requiring Bender to forcibly move him the rest of the way to get out of the road. The District Court correctly concluded that Bender had not used excessive force.
Accordingly, we agree that Bender is entitled to judgment as a matter of law. We correspondingly agree with the District Court’s order denying Smith’s motion to reconsider. We will affirm the judgment of the District Court. In addition, in his argument in support of this appeal, Smith requests appointment of counsel. That motion is denied.

. Smith does not substantively challenge on appeal the dismissal of the case as to the defendants other than Bender. Smith accused these defendants of conspiring to create false charges and complaints against him, and the District Court correctly concluded Smith failed to state a claim and that the defendants were either immune from suit or did not act under color of state law. We will not further address his claims with regard to these defendants in this opinion.