**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2735

———————

JOHN B. OWLETT;
CORALEE OWLETT,
                                    Appellants

v.

VERNE A. DOUD; CHARLES L. NEAL;
RICHMOND TOWNSHIP

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 08-cv-00548)
District Judge:  Honorable Malcolm Muir

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2010

Before: BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 26, 2010)

———————

OPINION

———————

PER CURIAM.

        John B. Owlett ("Owlett") and his wife, Coralee Owlett (collectively,

"appellants"), appeal from the District Court's final judgment dismissing their claims

against defendants Verne A. Doud, Charles L. Neal, and Richmond Township, Pennsylvania. For the reasons that follow, we will affirm.

I.

Appellants commenced this action in the United States District Court for the Middle District of Pennsylvania by filing a three-count complaint. In Count I, Owlett asserted a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, against Doud, Neal, and Richmond Township; in Count II, Owlett asserted a state law negligence claim against Richmond Township; and in Count III, Coralee Owlett asserted a claim for loss of consortium against all three defendants.

According to the complaint, Owlett suffers from "macular degeneration," a condition that "has significantly reduced [his] sight and has prevented him from working at a job, working in his woodshop, fishing, hunting, shopping and reading small print." Compl. ¶¶ 5-6. From approximately 1996 to 2006, both Owlett and Doud were members of the Richmond Township Planning Commission. Id. ¶ 7.

Meetings of the Planning Commission were held at the Richmond Township Municipal Building. Id. ¶ 9. The meeting room had a laminated vinyl floor, and prior to May 4, 2004, Owlett observed that "a part of the vinyl floor had become bumpy and raised-up in elevations between one and two inches." Id. ¶¶ 11-12. "Part of this bumpy, raised-up area was a corridor that users of the meeting room were required to traverse[.]" Id. ¶ 13. In 2004, Owlett advised Township supervisors, including Doud and Neal, that

2

the bumpy floor could interfere with disabled persons' use of the meeting room, and should be corrected. Id. ¶¶ 14-15. No corrective measures were taken, and the flooring problem expanded deeper into the corridor in the meeting room. Id. ¶¶ 16-17.

On March 29, 2006, Owlett arrived to attend a meeting of the Planning Commission, and as he "was walking up the corridor in the meeting room he tripped over the expanded bumpy, raised-up area and grabbed a chair to keep from falling, twisting his lower back in the process." Id. ¶¶ 18-19. Owlett claimed to suffer "serious injury to his Sacroiliac joint." Id. ¶ 21. He and his wife sought compensatory damages.

The District Court granted Doud and Neal's motion to dismiss, noting that appellants had conceded in response to the motion that they cannot hold Doud and Neal individually liable for money damages under the ADA. The District Court rejected appellants' argument that Doud and Neal can be sued in their official capacities for prospective injunctive relief because the allegations in the complaint failed to state such a claim. The District Court afforded leave to amend to plead a claim for prospective relief.

Appellants thereafter filed an amended complaint in which they dropped Doud and Neal as defendants, reasserted the same allegations and counts from the original complaint, and named Richmond Township as the sole defendant.[1]

Following the close of the discovery period, appellants filed a motion to amend the

---

[1] Appellants were represented by counsel when they filed the complaint and amended complaint. Counsel withdrew after filing the amended complaint, and appellants have proceeded pro se since that time.

complaint, asking for leave to reinsert Doud and Neal as defendants, and to add several new claims to the suit, including claims under 42 U.S.C. § 1983, § 504 of the Rehabilitation Act, and state law for assault and reckless endangerment.

The District Court denied leave to amend, explaining that Richmond Township would be unfairly prejudiced by the amendment given that the discovery cutoff had passed, and that the new claims "would drastically expand the scope of this action and would likely require substantial discovery to litigate fairly." The District Court noted that appellants had failed to explain their delay in seeking leave to add the new claims, and it observed that the attempt to rename Doud and Neal amounted to an untimely motion for reconsideration of the order dismissing those defendants.

Richmond Township thereafter moved for summary judgment on all counts in the amended complaint. Appellants did not respond to the motion, and instead they filed a motion for judgment as a matter of law, which the District Court treated as a cross-motion for summary judgment. The District Court deemed appellants to have admitted Richmond Township's statement of material facts, which was based mainly on Owlett's deposition testimony. The District Court denied appellants' cross-motion, and entered summary judgment for Richmond Township.

With regard to the ADA claim, the District Court determined that Owlett "was never 'excluded from participation in or ... denied the benefits of the services, programs,

4

or activities of a public entity, or ... subjected to discrimination[.]'"[2] The District Court

rejected the negligence claim because Owlett failed to present evidence that he had

sustained a permanent loss of body function, permanent disfigurement, or permanent

dismemberment, thereby precluding recovery against Richmond Township for non-

economic losses under the Pennsylvania Political Subdivision Tort Claims Act.

Appellants timely filed this appeal.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary of

the order granting Doud and Neal's motion to dismiss under Rule 12(b)(6).[3] See

---

[2] Owlett sought relief under 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

[3] Appellants' pro se notice of appeal identified the District Court's summary judgment order and the order denying leave to amend as the subjects of this appeal, but did not expressly designate the order granting Doud and Neal's motion to dismiss. In their opening brief, however, appellants challenge the order granting the motion to dismiss. We note that appellees chose not to brief the dismissal of the claims against Doud and Neal, presumably because of the manner in which appellants drafted the notice of appeal.

A notice of appeal generally must "designate the judgment, order, or part thereof being appealed," Fed. R. App. P. 3(c)(1)(B), but this Court "liberally construe[s] the requirements of Rule 3," and has "held that when an appellant gives notice that he is appealing from a final order, failing to refer specifically to earlier orders disposing of other claims or other parties does not preclude us from reviewing those orders." Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992). Accordingly, "appellate jurisdiction vests over orders not specified in the notice of appeal if there is a connection between the specified and unspecified orders, the intention to appeal the unspecified order is apparent, the opposing party is not prejudiced and has a full opportunity to brief the issues." Id. Here, while appellees have elected not to brief the dismissal of Doud and Neal, they fully briefed those claims before the District Court, and the issues raised are not complex. We

Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). When deciding a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). We review the denial of leave to amend for abuse of discretion. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). Finally, we exercise plenary review over the entry of summary judgment for Richmond Township, and we apply the same test used by the District Court. See Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment should be granted when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

(a) Dismissal of Doud and Neal under Rule 12(b)(6)

Appellants first challenge the order dismissing Doud and Neal from the suit. Appellants' Br. at 4, 8. We discern no error. As the District Court noted, appellants conceded in their counseled brief in opposition to the motion to dismiss that they could not seek individual liability for money damages under Title II of the ADA, and they asked the District Court for leave to amend so that they could withdraw any claim for damages

---

are satisfied that appellants' pro se notice of appeal was sufficient, and thus we will review the order dismissing Doud and Neal.

6

against Doud and Neal. See District Court docket # 13. Appellants expressly limited their ADA claim to one for prospective injunctive relief against Doud and Neal. See id.

We have recognized that ADA claims for prospective injunctive relief are authorized, see Koslow v. Pennsylvania, 302 F.3d 161, 179 (3d Cir. 2002), but the District Court properly concluded here that the allegations in the complaint failed to state such a claim. Owlett sought relief solely for injury suffered from a past slip and fall at the Richmond Township Municipal Building, and he alleged no ongoing violation. Furthermore, appellants did not avail themselves of the opportunity they were afforded to amend the complaint to state a claim for prospective relief. The District Court did not err in dismissing the ADA claims (and derivative loss of consortium claims) against Doud and Neal.

(b) Denial of leave to amend

The District Court denied appellants' request to reinsert Doud and Neal and to add several new substantive claims to the action. With respect to Doud and Neal, the District Court rightly observed that appellants' motion to amend amounted to nothing more than an untimely request to reconsider the order that dismissed those defendants. We cannot conclude that the District Court's abused its discretion by refusing to allow those defendants back into the suit to defend against claims that already had been dismissed.

The District Court denied leave to introduce the new claims because it concluded that Richmond Township would be unfairly prejudiced, and because appellants had

unduly delayed in seeking to amend. The record reflects that appellants sought to introduce the new claims after expiration of the discovery deadline, and the proposed claims (particularly, § 1983) clearly would have taken the action well beyond its original scope, requiring additional discovery. The prejudice to Richmond Township is apparent. In addition, appellants' delay in seeking leave to amend is fairly characterized as "undue." Appellants first raised the prospect of adding a § 1983 claim in a letter they filed with the District Court shortly after their counsel withdrew. See District Court docket # 20. But appellants then waited almost three months to seek leave to amend, and when they did file a motion, they failed to submit a proposed amended pleading. A district court "has discretion to deny the request [to amend] only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." Bjorgung, 550 F.3d at 266. The delay here was both undue and prejudicial to Richmond Township. We cannot conclude that the District Court abused its discretion in denying leave to amend.

(c) Entry of summary judgment for Richmond Township

We are satisfied that the record supports the entry of summary judgment for Richmond Township for the reasons fully explained by the District Court. Appellants have failed on this appeal to raise any specific challenge to the District Court's analysis of the evidence in the summary judgment record, and we conclude that the District Court's analysis was correct. We note, with respect to the ADA claim, that Richmond Township amply proved, through Owlett's own deposition testimony, that Owlett could not state a

8

viable claim for relief based on Richmond Township having maintained a section of flooring that caused Owlett to slip and fall. As the District Court observed, the evidence in the summary judgment record (which appellants never opposed) does not create a triable issue as to whether Owlett was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or . . . subjected to discrimination by any such entity." 42 U.S.C. § 12132.

III.

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[4] Appellants' motion to supplement the record to include documents that were not submitted to the District Court is denied. See Fed. R. App. P. 10(a). All other pending motions are also denied.