**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4058

———————

LIFENG LEE HSU,

                                    Appellant

v.

GREAT SENECA FINANCIAL CORP; WOLPOFF & ABRAMSON L.L.P.; FOX
ROTHSCHILD LLP; NEAL J. LEVITSKY; PALISADES ACQUISITION XVI LLC

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 06-cv-00401; 08-cv-00293)
Magistrate Judge: Honorable Mary Pat Thynge

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2010

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: April 28, 2010)

———————

OPINION

———————

PER CURIAM

        Appellant, Lifeng Lee Hsu, appeals from the Magistrate Judge's[1] order dismissing

———————

[1] United States Magistrate Judge Mary Pat Thynge presided by consent of the parties.
See 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

his complaint.  For the following reasons, we will affirm.

In June 2006, Hsu commenced an action in the United States District Court for the District of Delaware against his creditor, Great Seneca Financial Corporation, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 (2000).[2] (D.C. No. 06-cv-00401.)  Specifically, Hsu claimed that the defendant had violated various provisions of the FDCPA when the company pursued a collection action against him in the Delaware Court of Common Pleas to recover the debt he owed on a defaulted credit card account.  Hsu later amended his complaint to add state-law claims for fraud and civil conspiracy.

In May 2008, Hsu commenced a second action in the District Court against the same defendants.[3]  (D.C. No. 08-cv-00293.)  The second complaint mirrored the first, with the addition of several new FDCPA claims.  The Magistrate Judge consolidated the two actions.

The defendants moved to dismiss the complaints on the grounds that: (1) Hsu had already brought, and lost, the same FDCPA claims in the state-court collection action; and (2) Hsu's fraud and civil conspiracy allegations failed to state a claim under Rule 12(b)(6).  See Fed. R. Civ. P. 12(b)(6).  The Magistrate Judge agreed with the defendants

---

[2]The complaint also named as defendants several attorneys who helped with Great Seneca's collection efforts.

[3]Hsu named as an additional defendant debt collection agency Palisades Acquisition XVI LLC.

that Hsu's claims were either barred by the doctrine of res judicata or subject to dismissal under Rule 12(b)(6), and, by orders entered January 5 and September 21, 2009, dismissed the complaints.[4]  This appeal followed.[5]

We will affirm the Magistrate Judge's orders.  For the reasons set forth in detail in her January 5 and September 21, 2009 memorandum orders, all of Hsu's FDCPA claims are barred by the doctrine of res judicata because the Court of Common Pleas previously rejected them in the collection action.  See San Remo Hotel L.P. v. City of San Francisco, 545 U.S. 323, 336 n.16 (2005) (explaining that, under res judicata, a final judgment on the merits of an action precludes the parties from re-litigating issues that were, or could have been, raised in that action).  In addition, because the Court of Common Pleas ultimately determined that Hsu was liable for the disputed credit card debt, the Magistrate Judge correctly concluded that the amended complaint failed to state a claim for fraud or civil conspiracy to commit fraud.  See Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1074 (Del 1983) (noting that, in order to state a claim for fraud under Delaware law,

_____

[4]In her January 5, 2009 order, the Magistrate Judge dismissed most of the claims that Hsu raised in D.C. No. 06-cv-00401, but allowed one claim to proceed.  At that time, Hsu sought permission to file an interlocutory appeal.  The Magistrate Judge denied this request as moot as part of her September 21, 2009, order disposing of the rest of Hsu's claims—i.e., the claim remaining in D.C. No. 06-cv-00401, and the claims raised in D.C. No. 08-cv-00293.  Hsu does not challenge this aspect of the Magistrate Judge's order on appeal.

[5]We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the Magistrate Judge's orders dismissing the complaints is plenary.  Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008).

3

plaintiff must show that the defendant made a false representation); McLaughlin v.

Copeland, 455 F. Supp. 749, 752 (D. Del. 1978) (explaining that the gravamen of an

action in civil conspiracy is not the conspiracy itself but the underlying wrong).

Accordingly, we will affirm the Magistrate Judge's January 5 and September 21,

2009 memorandum orders.