**Jamalud–Din ALMAHDI, Appellant**

v.

**C. BOURQUE; S. Ugaz; D. Funderbuck; D. Garcia; Parole Commission.**

No. 08–2822.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 4, 2010.

Opinion filed: July 7, 2010.

Jamalud–Din Almahdi, Newark, NJ, pro se.

Before: BARRY, AMBRO and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Jamalud-din Almahdi commenced this action by filing a pro se complaint seeking relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for alleged violations of his procedural due process rights while incarcerated. According to the complaint, Almahdi was scheduled to be released on parole from federal custody at the Community Education Center in New Jersey on March 29, 2007. On March 22, 2007, defendant Bourque wrote an incident report citing Almahdi for a "Code 297" viola-

tion of improper telephone use. On March 26, 2007, defendant Ugaz advised Almahdi "of his rights." Defendant Funderbuck then found that Almahdi committed the charged infraction, and he recommended remand to a secure facility and that Almahdi's parole release date be reviewed by the Parole Commission. The matter was referred to a Disciplinary Hearing Officer ("DHO") for a hearing.

On March 26, 2007, Almahdi was transferred to the Metropolitan Detention Center in New York for the hearing before a DHO. The next day, and allegedly without an opportunity to be heard or to present evidence, defendant Garcia, the DHO, sanctioned Almahdi with the loss of telephone privileges for 180 days, and recommended a 30–day retardation of Almahdi's parole date. The Parole Commission thereafter retarded the parole release date for 60 days, from March 29, 2007, to May 28, 2007.

Almahdi alleges that Bourque, Ugaz, and Funderbuck, all staff members at the Community Education Center, knew or should have known that the incident report "charged the wrong code violation." He further alleges that DHO Garcia found the charged violation without affording due process, and that the Parole Commission knew or should have known that the disciplinary hearing was conducted improperly. Almahdi asked that his record be expunged, and he sought compensatory and punitive damages.

The District Court granted leave to proceed *in forma pauperis* and dismissed the complaint *sua sponte* for failure to state a claim upon which relief can be granted. It noted that Almahdi's principal argument is that he was charged with the wrong disciplinary code violation, and he seeks to have his record expunged. The District Court determined that Almahdi's claim for relief must be dismissed because a due process challenge to the disciplinary pro-

ceeding is barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), given that a favorable outcome would necessarily imply the invalidity of the disciplinary finding. The District Court noted that Almahdi's sole federal remedy is a writ of habeas corpus, and that any claimed denial of procedural due process during the disciplinary hearing, which would warrant a new proceeding, has been rendered moot by Almahdi's release from custody.[1] After the District Court denied Almahdi's timely filed motion for reconsideration, Almahdi timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary of a *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Like the District Court, "[w]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996).

■ We discern no error in the District Court's analysis. Under *Heck,* "a prisoner does not have a cognizable § 1983 claim, even if he or she does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." *Grier v. Klem,* 591 F.3d 672, 677 (3d Cir. 2010); *Lora–Pena v. F.B.I.,* 529 F.3d 503, 505 n. 2 (3d Cir.2008) ("Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar *Bivens* claims." (citation omitted)); *see Torres v. Fauver,* 292 F.3d 141, 147 (3d Cir.2002) (observing that "[i]n *Edwards [v.*

*Balisok],* the Supreme Court applied *Heck's* favorable termination rule to prison disciplinary sanctions that affect the duration of a prisoner's incarceration"). Almahdi's claim that he was charged with the "wrong code violation," ultimately resulting in a 60–day delay in his release on parole, implicates the validity of the duration of his confinement. As such, because a ruling in Almahdi's favor on the due process challenge would necessarily imply the invalidity of the punishment imposed, his civil rights claim in the present action, as the District Court fully explained, is not cognizable under the *Heck* rule.

■ Furthermore, insofar as Almahdi challenges his loss of telephone privileges, the limitation of those privileges for 180 days is not a dramatic departure from the accepted standards for conditions of confinement, and as such Almahdi has no cognizable due process claim. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In addition, as this Court advised Almahdi on a prior appeal in another of his cases, he has "no protected liberty interest in retaining his custody status," *Almahdi v. Ridge,* 201 Fed.Appx. 865, 869 (3d Cir.2006), and thus his due process challenge to the decision to return him to a more secure facility prior to his release on parole lacks merit. Finally, "although Almahdi appears to contend that prison officials may not have abided by all pertinent regulations in changing his custody status and limiting his telephone usage, he has no independent liberty interest in the prison procedures themselves." *Id.*

For these reasons, we will affirm the District Court's judgment.

---

**1.** Almahdi alleges that he is currently serving    a term of supervised release.