BLD-179                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1636
_____

JUNE WISNIEWSKI,
Appellant

v.

TRAVELERS CASUALTY AND SURETY COMPANY;
JAN WISNIEWSKI, Executor of the Estate of Joe (Joseph) Wisniewski, Jr.,
deceased, former Administrator of the Estate of Joseph Wisniewski, Sr.;
WALTER A. KIPP, III; UNION COUNTY SURROGATE

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-02998)
District Judge: Honorable Faith S. Hochberg

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before:  McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: July 26, 2010)

_____

OPINION OF THE COURT
_____

PER CURIAM

June Wisniewski ("June") appeals from an order of the District Court granting a motion to dismiss her complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Civil Rules of Procedure. The District Court concluded that Wisniewski's claims for breach of contract, which concern a surety bond issued by Travelers Casualty and Surety Company ("Travelers"), were "barred by the doctrines of collateral estoppel or *res judicata*." We agree that Wisniewski's claims, which have been raised and rejected in some form or another by various courts throughout the last two decades, are barred by New Jersey's preclusion regime. Accordingly, we will affirm.

I.

When Wisniewski's father, Joe Wisniewski, Sr. ("Joe Senior"), died intestate in January 1989, Travelers issued the surety bond in question to Wisniewski's brother, Joe Wisniewski, Jr. ("Joe Junior"), who was the administrator of the family estate.[1] In September 1992, a probate judge in New Jersey issued an order approving Joe Junior's accounting of the estate, overruling Wisniewski's objections to the accounting, and increasing the value of the surety bond to $300,000.[2] Wisniewski's appeal from the probate order was denied.

In January 1995, Wisniewski signed a settlement agreement with Joe Junior,

---

[1] A surety bond is contractual relationship between the surety, in this case Travelers, and the principal, Joe Junior, whereby "the surety[] engages to be answerable for the debt, default or miscarriage of . . . the principal." Eagle Fire Protection Corp. v. First Indem. of America Ins. Co., 678 A.2d 699, 703 (N.J. 1996).

[2] The value was later raised to $350,000.

releasing and discharging her brother from all present and future claims against the administration of the family estate. In exchange for the release, Wisniewski was to receive $55,154.91. "Nonetheless, claiming that she had signed the release 'under duress' because her brother's attorney had threatened and blackmailed her," In re Estate of Wisniewski, 2009 WL 1531625, at *1 (N.J. Super. Ct. App. Div., June 3, 2009), Wisniewski filed a motion to reopen the probate litigation in April 1995. Her efforts proved unsuccessful.

Wisniewski then filed suit in the United States District Court for the District of Nevada, raising claims under 42 U.S.C. §§ 1983, 1985, 1986 and 12182, the federal RICO statute, and New Jersey state law, based on "alleged improprieties in the probate of her father's estate in New Jersey." Wisniewski v. Conti, 187 F.3d 651 (9th Cir. 1999) (table). The Nevada district court dismissed Wisniewski's complaint "on grounds of lack of personal jurisdiction and res judicata." Id. The Ninth Circuit Court of Appeals affirmed, concluding that Wisniewski's claims were barred by the Rooker-Feldman doctrine and, alternatively, that Wisniewski had "failed to meet her burden of showing personal jurisdiction over defendants." Id.

Joe Junior died in August 2006, and his wife, Jan Wisniewski ("Jan"), was appointed executrix of Joe Junior's estate. Based on Joe Junior's death, Wisniewski filed a motion in the New Jersey probate court to become substitute administrator of her

3

father's estate.[3] The motion was denied,[4] as was Wisniewski's appeal, which raised a host of challenges to Joe Junior's administration of the family estate.[5]

Wisniewski filed the instant action in the United States District Court for the District of New Jersey in June 2009. Her amended complaint alleged that the family estate was unlawfully administered following Joe Senior's death. (Amended Compl. at 4) ("Joe [Junior] decided to distribute approximately eighty percent (80%) of the estate to himself and other persons who were not heirs of the estate. Plaintiff only received about twenty percent (20%) of the estate. [The] estate was never equally distributed to both heirs according to [New Jersey] law."). Wisniewski alleged that the terms of the surety bond were violated. Wisniewski also alleged that Walter A. Kipp, III ("Kipp"), Joe Junior's attorney at all relevant times, had "threatened to harm Plaintiff if she did not sign a refunding and release bond in January 1995." (Amended Compl. at 6.)

Kipp, Jan, and Travelers jointly moved to dismiss Wisniewski's complaint for failure to state a claim, based on New Jersey preclusion law. The District Court granted the motion, and Wisniewski appealed.

---

[3] Wisniewski claimed that there remained unclaimed assets in the estate.

[4] The surety bond was discharged as part of the probate court's order.

[5] For example, Wisniewski claimed that "a final accounting and judgment for distribution was never done," and that her brother "failed to perform the conditions of the bond." In re Estate of Wisniewski, 2009 WL 1531625, at *2. The New Jersey Superior Court - Appellate Division rejected these claims because they were "the same claims that we rejected on appeal in 1994." Id. The court also commented that Wisniewski "presented no meritorious basis upon which to reopen the probate litigation." Id.

II.

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and it correctly identified New Jersey substantive law as controlling. See Peduto v. City of North Wildwood, 878 F.2d 725, 728 (3d Cir. 1989). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of a Rule 12(b)(6) motion. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008).

III.

New Jersey's preclusion rules, codified in Rule 4:30A of the New Jersey Rules of Civil Procedure and commonly known as the "Entire Controversy Doctrine" ("the ECD"), govern whether Wisniewski's federal suit is barred. See Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). The ECD "is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." Id. at 886. It "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Id. at 885 (quotations omitted).

The ECD specifically "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (citation omitted). In the case of a suit against a party that was not part of the original

proceedings, "the central question is whether the claims against the different parties arise from related facts or the same transaction or series of transactions. It is the core set of facts that provides that link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding." Fornarotto v. American Waterworks Co., Inc., 144 F.3d 276, 279 (3d Cir. 1998) (quoting DiTrolio v. Antiles, 662 A.2d 494, 502 (N.J. 1995)). The ECD extends to all those in privity with the parties involved in the preceding litigation. See McNeil v. Legislative Apportionment Comm'n, 828 A.2d 840, 859 (N.J. 2003).

Given these precepts, we have no trouble concluding that the claims in Wisniewski's complaint, which (1) are virtually identical to those previously raised by Wisniewski and rejected by the New Jersey state courts, and (2) either involve the same parties as those in Wisniewski's probate litigation concerning the surety bond, or parties in privity to those parties, are barred by the ECD.[6] In addition, Wisniewski's claims on appeal of bias on the part of the District Court, or that a conflict of interest existed in the proceedings below, have no support in the record.

---

[6] Wisniewski's claims may also be barred by the applicable statutes of limitations. See, e.g., N.J. COURT RULES, R. 4:85-1 (2010) ("If a will has been probated . . . any person aggrieved by that action may, upon the filing of a complaint setting forth the basis for the relief sought, obtain an order requiring the personal representative, guardian or trustee to show cause why the probate should not be set aside or modified or the grant of letters of appointment vacated, provided, however, the complaint is filed within four months after probate . . . or if the aggrieved person resided outside this State at the time of the grant of probate . . ., within six months thereafter.")

There being no substantial question presented by Wisniewski's appeal, we will summarily affirm the judgment of the District Court. <u>See</u> LAR 27.4; I.O.P. 10.6.