NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4179
_____

FRANK REVAK,

Appellant

v.

NATHANIEL LIEBERUM; BRIAN BARNHART, as individuals
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 08-cv-00691)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
October 19, 2010

Before: HARDIMAN, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.

(Filed: October 28, 2010 )
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Frank Revak appeals the District Court's summary judgment in favor of two

Pennsylvania State Police Officers. We will affirm.

I.

A.

Because we write exclusively for the parties, we recount only those facts necessary to our decision. On August 11, 2006, at approximately 1:30 a.m., Pennsylvania State Police (PSP) Corporal Brian Barnhart and PSP Trooper Nathaniel Lieberum observed Revak driving erratically and speeding in his truck. The officers engaged the overhead lights and siren on their cruiser. Although Revak slowed down, he did not stop. The officers followed Revak's vehicle until he arrived home.

Lieberum and Barnhart approached the vehicle and ordered Revak to exit. Upon exiting the vehicle, Revak began to scream obscenities at the officers and grew increasingly belligerent. The officers detected a strong odor of alcohol emanating from Revak, and they moved him to the side of his truck. The officers then instructed Revak to place his hands on the vehicle so they could search him. As Lieberum attempted to pat him down, Revak forcibly leaned backwards, knocking into the officer. The officers moved Revak back to the truck, but he again attempted to push back into Lieberum. At this point, the officers placed Revak under arrest.

After placing Revak under arrest, the officers attempted to handcuff him. Revak—who is 6'4" tall and weighed approximately 290 pounds—refused to move his arms, and the officers were unable to forcibly place his hands behind his back. As the officers attempted to restrain Revak, he continued to resist their efforts and made verbal

2

threats against them. The officers became concerned for their safety, and Corporal Barnhart decided to pepper spray Revak. Barnhart told Lieberum to lower his head and shot a half-second burst of pepper spray onto the right side of Revak's face. Revak turned his head, and Barnhart employed another half-second burst on the left side of his face. After using the pepper spray, the officers were able to sufficiently maneuver Revak's arms to handcuff him.

Throughout this encounter, Revak's girlfriend, Terry Strube, was standing outside Revak's home yelling at the officers. Once Revak was handcuffed, Trooper Lieberum went to speak with Strube. Soon after Lieberum's attention was diverted, however, Revak again began to shove his shoulders into Corporal Barnhart. Barnhart employed a third half-second blast of pepper spray against Revak, and the officers placed him in the backseat of their cruiser.

B.

As a consequence of the August 11, 2006 incident, Revak was charged criminally with, *inter alia*, driving under the influence of alcohol and resisting arrest. At trial, Revak denied resisting arrest, claiming that he had peaceably complied with the officers' instructions. Revak also contended that Trooper Lieberum, not Corporal Barnhart, had pepper sprayed him, and that he did so without provocation. The jury convicted Revak of all charges.

C.

Undeterred by his criminal convictions, Revak sued Lieberum and Barnhart under 42 U.S.C. § 1983, claiming, *inter alia*, that the officers violated his Fourth Amendment rights by using excessive force during his arrest. In the District Court, Revak argued that the jury must have found his failure to stop his vehicle as the basis of his resisting arrest conviction, and that he was therefore entitled to a trial to determine whether the officers' actions during his subsequent arrest constituted excessive force. The District Court rejected this claim and granted summary judgment to the officers. This appeal followed.[1]

II.

We exercise plenary review over a district court's summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002).

"A court may grant summary judgment if, drawing all inferences in favor of the nonmoving party, 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Betts v. New Castle Youth Dev. Ctr.*, No. 09-3753, 2010 WL 3528902, at *1 (3d Cir. Sept. 13, 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

1     The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

4

242, 248 (1986)). "Our role in reviewing a grant of summary judgment is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (internal quotation omitted).

### III.

In the District Court, Revak argued that his failure to stop his vehicle immediately after the officers activated the overhead lights on their cruiser must have formed the basis of his conviction for resisting arrest. The District Court properly found this position untenable. An individual is guilty of resisting arrest "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 PA. CONS. STAT. § 5104. Both parties' accounts of the incident make clear that, although Revak failed to stop for the police, he did not create a substantial risk of bodily injury to the officers or anyone else after the police activated their lights. Thus, the District Court correctly determined that Revak's failure to stop for the officers could not have formed the basis of his resisting arrest conviction.[2]

---

[2] On appeal, Revak now argues for the first time that, assuming his resisting arrest conviction was based on events that transpired after he exited his vehicle, he was still the victim of excessive force. Because this argument was not presented to the District Court, we do not entertain it here. *See e.g.*, *Srein v. Frankford Trust Co.*, 323 F.3d 214, 224 n.8 (3d Cir. 2004) ("We have consistently held that we will not consider issues that are raised

After determining that Revak's actions outside of his vehicle formed the basis for his criminal conviction, the District Court turned to Revak's argument that "pepper spraying an unresisting, handcuffed man is excessive force." In that respect, the District Court accurately noted that Revak premised his argument on a finding that his resisting arrest conviction was necessarily based on the failure to stop his vehicle. This argument failed for an obvious reason: *i.e.*, it was based on a fallacious premise.

The District Court then turned to the question of the reasonableness of the use of pepper spray against one who resists arrest. In light of the way Revak framed his argument, the District Court concluded that the use of pepper spray did not constitute excessive force. We agree.

Revak's claim for excessive force must be analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where . . . the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ."). A totality of the circumstances test is applied in determining whether the amount of force used to effectuate an arrest was reasonable, *see*, *e.g.*, *McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009); however, "[t]he calculus of reasonableness must embody allowance for the fact that

---

for the first time on appeal absent 'compelling reasons.'" (quoting *Patterson v. Cuyler, 729 F.2d 925, 929 (3d Cir.* 1984))).

6

police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 398.

Although Revak correctly argues that his criminal conviction for resisting arrest does not automatically preclude his claim for excessive force, *see e.g.*, *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 (3d Cir. 2008), he ignores the fact that his criminal conviction for resisting arrest means that the officers were justified in using "substantial force." *Id*. at 506 ("Under Pennsylvania law, to convict the plaintiff [of resisting arrest], the jury had to find that the officer involved was justified in using substantial force.") (internal quotation marks omitted). As the District Court noted, the use of pepper spray is among the lowest levels of force authorized on the Pennsylvania State Police Force Options Continuum. App. 407. Accordingly, we hold that the officers' use of pepper spray constituted a reasonable response to Revak's actions.[3]

IV.

---

[3] Our conclusion is bolstered by Revak's failure to comply with the District Court's Local Rule 56 in his Concise Statement of Material Facts (App. 408-11). *See* W.D. PA. LCvR 56(C)(1)(b) (requiring parties to "set[] forth the basis for [a] denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety"). Revak issued several one word denials in response to the officers' averments regarding the facts that transpired on the night in question. When the absence of averments in the civil case are considered along with Revak's testimony at the criminal trial that he did nothing to resist arrest (which we must reject in light of his conviction), we are left with a factual record so decidedly favorable to the officers as to defeat a claim of excessive force as a matter of law.

For the foregoing reasons, we will affirm the judgment of the District Court.