HLD-208    (September 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2588
_____

MAX DENIS ANTOINE,
                                                          Appellant
v.

STAR LEDGER OF NEW JERSEY; PAUL BRUBAKER
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 09-cv-01827)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Opinion filed  November 3, 2010)

_____

OPINION
_____

PER CURIAM.

        Appellant, Max Antoine, appeals the District Court's order dismissing his

pro se complaint.  Upon consideration of the record, we conclude that the District Court

properly determined that Antoine's claims were subject to dismissal under Fed. R. Civ. P.

1

12(b)(6). Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), and we do so with little discussion.

Antoine filed a complaint in the United States District Court for the District of New Jersey on April 17, 2009, apparently upset about a newspaper article that was published the preceding week. Named as defendants were the Newark Morning Ledger Company, publisher of the New Jersey newspaper The Star-Ledger, and Reporter Paul Brubaker. Antoine sought damages in the amount of $77,777,777.00 for what he alleged were violations of his First, Fourth, Fifth and Fourteenth Amendment rights, as well as various federal and state laws, regulations and protocols. Defendants responded to the complaint with a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In a Memorandum Opinion and Order entered on May 6, 2010, the District Court granted defendants' Rule 12(b)(6) motion with respect to Antoine's federal claims and declined to exercise supplemental jurisdiction over the remaining state law claims. This timely appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the District Court's grant of a Rule 12(b)(6) motion. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted);

---

[1] Antoine's motion for leave to appeal in forma pauperis is granted.

see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complainant must "provide the grounds of his entitlement to relief [with] more than labels and conclusions . . ..").  We do not hesitate to conclude that the District Court properly determined that Antoine failed to sufficiently allege that defendants acted under color of state law – an allegation essential to maintain an action under 42 U.S.C. § 1983.  Furthermore, we agree with the District Court's analyses and conclusions with respect to the remaining federal claims asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., federal antitrust law, and the Federal Video Privacy Protection Act, and will not repeat them here.

We briefly note that Antoine has filed a response in opposition to the listing of the appeal for possible summary action wherein he argues that the District Court erred in granting summary judgment in favor of defendants insofar as they failed to answer his complaint.  With respect to this argument, we would simply note that defendants responded to the complaint by filing a motion to dismiss as permitted by Fed. R. Civ. P. 12(b), and that the District Court granted defendants' motion as a result of Antoine's failure to state a claim upon which relief could be granted.  The proceedings thus never

advanced to the summary judgment stage.[2]

Accordingly, because the appeal lacks merit, we will dismiss it pursuant to

28 U.S.C. § 1915(e)(2)(B).  Neitzke v. Williams, 490 U.S. 319 (1989).

---

[2] We need not address whether the District Court erred in striking Antoine's amended complaint as we conclude that the amended complaint fails to state a claim as well insofar as it offers nothing beyond bald assertions and unsupported conclusions.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  See Iqbal, 129 S. Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.