DLD-162                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4423
_____

TYREE LAWSON,
Appellant

v.

RYAN McNAMARA; THOMAS KEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-10-cv-00382)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

Tyree Lawson, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania granting the defendants' motion to dismiss,

or in the alternative, for summary judgment in his civil rights action.  For the reasons that

follow, we will affirm the judgment of the District Court.

The record reflects that on April 17, 2008, Lawson was sitting in his car, which was parked on a street in Philadelphia. Thomas Kee and Dennis Watson, Special Deputy United States Marshals assigned to the Violent Crimes Fugitive Task Force, approached Lawson's car in order to serve a warrant for his arrest for attempted murder and other state offenses. Kee ordered Lawson to put his hands up and Lawson complied. Kee was unable to open the car door because the handle was broken. Special Deputy United States Marshal Ryan McNamara and Deputy United States Marshal Steve Mason arrived at the scene and parked behind Lawson. McNamara and Mason got out of their car and stood behind Lawson's car.

According to Lawson, Kee forcibly gripped his neck and tried to pull him out of the car window. Lawson states that he tried to tell Kee he was choking him, but Kee told him to shut up. Lawson further states that he was able to break free, that Kee then yelled "shoot," and that McNamara shot at him through the windshield, just missing his head. Lawson then drove in reverse, hit the police car behind him, and then drove forward, fleeing the scene. Kee, however, attested that Lawson began struggling with him as he reached into the car to try to put it in park and to open the door from the inside. Kee stated that he tried to pull Lawson through the car window but denied that his hands were on Lawson's neck or that he yelled "shoot." Kee and McNamara also attested that McNamara fired the shot after Lawson had hit the police car and was pulling away.

Lawson was later apprehended and pleaded guilty in District Court to three counts of assault on a federal officer with a dangerous weapon (his car), in violation of 18

2

U.S.C. § 111(a)(1) & (b). He received a sentence of 21 months' imprisonment. During his plea colloquy, Lawson agreed with the factual basis for the plea presented by the Government. The Government stated that Lawson forcibly struggled with Kee and Watson as the officers tried to put his car in park and place him under arrest, that during the struggle Lawson was revving his car by hitting the accelerator, and that McNamara fired his gun after Lawson struck the car behind him and began to drive away.

Lawson filed a complaint against McNamara and Kee, claiming that they used excessive force during the attempted arrest. Lawson averred that as a result of his encounter with McNamara and Kee, he now suffers from depression, fear, and a sleeping disorder. Lawson also alleged in his complaint that the charges brought against him for assaulting a federal officer were made to cover up the misconduct of McNamara and Kee and that his guilty plea was a result of ineffective legal representation.

The District Court granted the defendants' motions to dismiss the complaint, or in the alternative, for summary judgment.[1] The District Court agreed with the defendants that, to the extent Lawson challenged his conviction for assaulting a federal officer or the state convictions for which he was arrested, dismissal was warranted under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The District Court further ruled that Lawson's

---

[1] Although Lawson brought his complaint pursuant to 42 U.S.C. § 1983, the District Court properly construed the action as brought under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which recognized a private cause of action to recover damages against federal actors for constitutional violations.

3

excessive force claims were not barred by Heck, but that the defendants were entitled to qualified immunity because the facts did not show a violation of Lawson's constitutional rights. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's order of dismissal and grant of summary judgment is plenary. Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006).

The District Court properly dismissed any claims based on Lawson's allegations in his complaint that his federal conviction is fraudulent and that he pleaded guilty only because his attorney failed to adequately represent him. Such claims challenge the validity of Lawson's federal conviction and are barred by Heck, which mandates dismissal where a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of his conviction, unless the plaintiff can show that the conviction has been invalidated. 512 U.S. at 487. See also Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) (per curiam) (noting Heck has been applied to Bivens claims). Lawson does not contend his conviction has been invalidated. Similarly, to the extent Lawson claims his state convictions for attempted murder and other offenses are fraudulent, such claims also are not cognizable.

We also agree with the District Court's conclusion that Kee and McNamara are entitled to qualified immunity because the facts do not establish a violation of Lawson's constitutional rights. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815-18 (2009) (setting forth test for qualified immunity). As explained by the District Court,

4

excessive force claims arising in the context of an arrest are analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). The Fourth Amendment applies when there has been a seizure, which occurs only when government actors have in some way restrained a person's liberty by use of physical force or show of authority. Id. at 395 n.10. A seizure does not occur where there has been a show of authority and the subject does not yield to police. California v. Hodari D., 499 U.S. 621, 626 (1991).

Applying these principles, McNamara did not violate Lawson's Fourth Amendment rights because there was no seizure. McNamara shot at Lawson and missed and Lawson fled the scene. Because Lawson did not yield to McNamara's show of authority, the Fourth Amendment is not implicated. See Adams v. City of Auburn Hills, 336 F.3d 515, 520 (6th Cir. 2003) (holding Fourth Amendment not implicated where officer fired his gun at a car in an attempt to stop it).

Kee, however, admits he placed his hands on Lawson in an effort to arrest him. This amounted to a seizure. See Hodari D., 499 U.S. at 626. Because there was a seizure, the District Court properly considered whether Kee's actions were objectively reasonable under the totality of the circumstances. Graham, 490 U.S. at 397. The District Court recognized that the parties dispute whether Kee choked Lawson but concluded that, even assuming Kee choked Lawson, the facts do not show a constitutional violation. We agree. Lawson was not physically injured in the confrontation with Kee and the force was used when Kee was attempting to arrest Lawson. Kee grabbed Lawson after he was unable to open Lawson's car door. Lawson

struggled with Kee and Kee believed that Lawson was armed and dangerous. Based on the totality of the circumstances, the facts do not show a constitutional violation and Kee is entitled to qualified immunity.[2]

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.[3]

---

[2] The District Court did not credit Lawson's affidavit to the extent he denied that he resisted arrest because the affidavit is inconsistent with the factual basis for his plea. At his plea hearing, Lawson agreed with the Government's statement that he had forcibly struggled as Kee tried to place him under arrest. Because Lawson did not explain the inconsistency, the District Court did not err in concluding that Lawson had resisted arrest. See Baer v. Chase, 392 F.3d 609, 624 (3d Cir. 2004) (stating party may not create a material issue of fact by filing an affidavit disputing his own sworn testimony without explaining the conflict).

[3] Lawson's motion for transcripts is denied as this appeal does not raise a substantial question. 28 U.S.C. § 753(f). Lawson's motion to stop interference with his mail is also denied.