CLD-124                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3977
_____

MAURICE DONNELL COOPER, Appellant

v.

T. R. SNIEZEK; J. PETRUCCI;
R. MAURER; G. TALAMANTES;
J. DIEHL; C. BRILL; K. BITTENBENDER,
sued in their individual and official capacities;
U.S. FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-09-cv-02427)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2011)
_____

OPINION
_____

PER CURIAM

Maurice Donnell Cooper, a federal inmate proceeding pro se, appeals from the

District Court's grant of summary judgment.  Because we determine that the appeal is

1

lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In his suit, Cooper raised a multitude of constitutional claims against both the Bureau of Prisons ("BOP") and its personnel at the Federal Correctional Institution at Schuylkill. Nearly all of his claims related to two incident reports Cooper received while incarcerated there.

The first relevant incident report was issued in June 2009 in response to Cooper's absence from his food service job. Cooper filed an administrative remedy contesting his punishment, and he eventually appealed its denial to the Northeast Regional Office of the BOP. The Regional Director determined that the incident report had not been properly completed in the first instance and remanded the matter for prison officials to do so. The Regional Director's order remanding the matter indicated that Cooper could file a new administrative remedy after he received the corrected report, but he did not do so.

The second relevant incident report was issued in October 2009 and charged Cooper with lying to a prison staff member. Cooper contended that he failed to seek a staff representative or to call witnesses at his disciplinary hearing because he misunderstood his right to do so, and that the resulting punishment—including the loss of good conduct time—therefore violated his due process rights. After filing an appeal of his punishment to the Northeast Regional Office but before receiving any decision, Cooper initiated this action in the District Court. Cooper's appeal to the Regional office was eventually denied, as was his subsequent appeal to the BOP Central Office.

Cooper's only claim unrelated to these incident reports alleged that prison officials denied him access to the courts by misrepresenting his indigent status and refusing to

2

provide him with photocopies free of charge. He contended that this prevented him from meeting court deadlines and resulted in the denial of a petition of certiorari to the Supreme Court.

Cooper moved the court for a preliminary injunction and both he and the Defendants sought summary judgment. The District Court concluded that all of Cooper's claims relating to the incident reports were unexhausted and therefore barred, and that Cooper failed to support the denial of access claim. Accordingly, it granted the Defendants' motion for summary judgment and denied Cooper's motions. Cooper moved the Court to reconsider, and that motion was denied. He now appeals.

An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We exercise plenary review over the District Court's order granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004).[1] Under the Prison Litigation Reform Act (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must be completed before a prisoner files suit. Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002).

---

[1] Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2) (We cite to Rule 56 as it appeared before its December 1, 2010 amendment. The amendment has no effect on this appeal); Reedy v. Evanson, 615 F.3d

Initially, we note that Cooper's claims relating to the October 2009 disciplinary report and hearing are not cognizable in a civil rights action because of the "favorable termination rule" announced in Heck v. Humphrey, 512 U.S. 477 (1994), and extended to prison disciplinary sanctions that alter the duration of the prisoner's incarceration in Edwards v. Balisok, 520 U.S. 641 (1997). Under that rule, a civil rights plaintiff cannot seek damages for harm caused by actions that implicate the validity of the fact or length of her confinement, unless she can prove that the sanction has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief. Heck, 512 U.S. at 486-87; Edwards, 520 U.S. at 646-48; Lora-Pena v. FBI, 529 F.3d 503, 506 n.2 (3d Cir. 2008) (noting that this rule applies to claims brought by both state and federal prisoners). As a result of the October 2009 disciplinary action, Cooper lost good conduct time; any ruling on the merits of his related claims would necessarily implicate the duration of his confinement. Because there is no indication that this sanction has been reversed or questioned, Coopers related claims are not cognizable.

To the extent that Cooper's claims relate to the June 2009 incident report which did not result in the loss of good conduct time, they also could not survive summary judgment. At the time he filed suit, Cooper had not completed the administrative remedies available to him as required by the PLRA. 42 U.S.C. § 1997e(a). We note that even if Cooper's claims related to the October 2009 incident report were cognizable under Balisok, they, too, would be barred by § 1997e(a). Although he eventually

197, 210 (3d Cir. 2010). We review the District Court's denial of a motion to reconsider for abuse of discretion. Caver v. City of Trenton, 420 F.3d 243, 257-58 (3d Cir. 2005).

completed a round of administrative review for the October 2009 incident report, that process was completed long after he initiated this suit. Accordingly, all of Cooper's claims related to that incident report were barred. See Ahmed, 297 F.3d at 209 & n.9.

As to his denial of access claim, Cooper pointed to no facts indicating that the Defendants in any way impeded his access to the courts. Upon a motion for summary judgment, the non-moving party, to prevail, must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on his denial of access claim, Cooper was required to show that the denial caused actual injury. For instance, he must show that he was prevented from asserting a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Upon thorough review of the record, we conclude that Cooper failed to point to any evidence of actual injury. Cooper claimed that he was overcharged for copies but neither specified what proceeding these copies were intended for nor demonstrated that the overcharge had any effect on that case. He failed to specify any particular pleading that he was unable to file as a result of any other action taken by the Defendants. The District Court correctly held, therefore, that Cooper's denial of access claim presented no disputed issues of material fact.

Accordingly, the District Court was correct to grant the Defendants' motion for summary judgment as to each of Cooper's claims. Cooper's motion for a preliminary injunction and his motion for summary judgment were correctly denied. The District Court also correctly denied Cooper's motion to reconsider.

5

In light of the foregoing, we hold that Cooper's appeal is lacking in arguable legal merit, and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B). Cooper's motion for appointment of counsel is denied.