GLD-178                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1608
_____

JUAN WIGGINS,
                               Appellant

v.

BRIAN STRING, Union President; JOSEPH HANSEN, International Pres.; ANTHONY
BENIGNO, Secr. Treasurer; CARMINE DELVICARIO, Union Rep.; DANETTE
PALMORE, Chairperson; RICKY WILKS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 10-cv-01710)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before:  AMBRO, CHAGARES AND GREENBERG, Circuit Judges

(Opinion filed:  May 18, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant, Juan Wiggins, appeals the District Court's order dismissing his pro se

complaint.  Upon consideration of the record, we conclude that the District Court

properly determined that Wiggins' claims were subject to dismissal under Fed. R. Civ. P. 12(b)(6). Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B), and we do so with little discussion.

Wiggins filed a complaint in the United States District Court for the District of New Jersey on April 1, 2010, apparently upset about the termination of his employment from the Village ShopRite in Absecon, New Jersey. Named as defendants were officials of United Food and Commercial Workers Local Union No. 152 ("Local Union 152") and the UFCW International President. As liberally construed by the District Court, Wiggins' complaint alleged a breach of fiduciary duty by Local Union 152 defendants, as well as equal protection and due process violations. Wiggins was thereafter afforded the opportunity to file an amended complaint. In an attempt to properly plead subject matter jurisdiction, Wiggins filed an amended complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 on April 30, 2010. Wiggins added ShopRite's store manager as a defendant, and alleged that he was denied due process and equal protection when he was terminated from his position at ShopRite. Wiggins sought, <u>inter alia</u>, monetary damages in the amount of $5,000,000.

The Local Union 152 defendants responded to the complaint with a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] In a Memorandum Opinion and Order

---

[1] We note that the Local Union 152 defendants asserted in the District Court that they were never properly served with the amended complaint. There is likewise no indication that the other two defendants received proper service of process of either the complaint or the amended complaint.

entered on February 10, 2011, the District Court granted defendants' Rule 12(b)(6) motion and dismissed the amended complaint. The court also denied Wiggin's request for the imposition of sanctions against the moving defendants. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the District Court's grant of a Rule 12(b)(6) motion. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complainant must "provide the grounds of his entitlement to relief [with] more than labels and conclusions . . .."). We do not hesitate to conclude that the District Court properly determined that the Local Union 152 defendants are not state actors nor were there any allegations that they acted under "color of state law," as is necessary for a private entity to be sued under § 1983. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323-24 (2d Cir. 2002) (labor unions generally are not state actors); Jackson v. Temple Univ. of Commw. Sys. of Higher Educ., 721 F.2d 931 (3d Cir. 1983) (affirming grant of summary judgment where union's refusal to bring plaintiff's grievance to arbitration was not action under color of law). The District Court thus did not err in dismissing Wiggins' claims filed pursuant to § 1983, or those filed pursuant to §§ 1985 and 1986.

We further agree with the District Court's conclusion that any claim Wiggins

3

intended to allege in the form of a breach of the duty of fair representation under the National Labor Relations Act is barred by the applicable six-month statute of limitations. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 170-71 (1983). Such a breach had to have occurred, at the latest, on June 22, 2009, when the Local 152 Executive Board denied Wiggins' administrative appeal. Wiggins' complaint filed on April 1, 2010, was submitted more than three months beyond the permissible period. Finally, the District Court certainly did not err in denying Wiggins' motion for sanctions. Wiggins' request for sanctions was based on defendants' failure to answer his complaint. With respect to this argument, we would simply note that defendants responded to the amended complaint by timely filing a motion to dismiss as permitted by Fed. R. Civ. P. 12(b). Thus, sanctions were not warranted.

Accordingly, because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319 (1989).