BLD-243                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2248
_____

RONNIE E. JOHNSON,
Sui Juris,

Appellant

v.

SUPT. MICHAEL WENEROWICZ;
DEPUTY SUPT. MICHEAL LORENZO;
GARY OLINGER, Correctional Classification Program Manager;
DAN WHITE, Lieutenant, sued in their individual and official capacity
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 10-cv-05027)
District Judge:  Honorable Robert F. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  July 29, 2011 )
_____

OPINION
_____

PER CURIAM

Appellant, Ronnie Johnson, appeals the District Court's order dismissing his pro se First Amended and Supplemental Complaint ("amended complaint"). Upon consideration of the record, we conclude that the District Court properly determined that Johnson's claims were subject to dismissal under Fed. R. Civ. P. 12(b)(6). Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) for essentially the same reasons set forth in the thorough Memorandum Opinion of the District Court.

In September 2010, Johnson initiated a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania, alleging that various employees of the Pennsylvania Department of Corrections ("DOC") violated his federal and state rights. More specifically, Johnson alleged that DOC defendants' decision to house him in the Special Management Unit ("SMU") at the State Correctional Institution at Graterford ("SCI-Graterford") violated his due process rights, the Equal Protection Clause of the Fourteenth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Pennsylvania constitution and state statutes. Named as defendants in both their individual and official capacities were the following DOC employees from SCI-Graterford: Superintendent Michael Wenerowicz; Deputy Superintendent for Facilities Management Michael Lorenzo; Correctional Classification Program Manager Gary Olinger; and Lieutenant Dan White from the J Block of the SMU.

Johnson, who is currently incarcerated at SCI-Fayette, asserted that the DOC

2

defendants first violated his due process rights on May 26, 2010, when defendants White and Olinger placed him in the SMU at Graterford after a Program Review Committee ("PRC") hearing without having indicated a proper reason for their decision on a form called a DC-141, Part IV. Johnson appealed the PRC's decision claiming a procedural violation as well as discrimination on the part of defendant White, who allegedly has a bias against him. Citing to DOC policies DC-ADM 801 and 802, Superintendent Wenerowicz denied Johnson's appeal of that decision on June 7, 2010. Johnson's subsequent appeal to Chief Hearing Examiner Robert B. McIntyre was likewise denied on June 16, 2010.

A second due process violation is alleged to have occurred on August 18, 2010, when defendants Lorenzo and Olinger decided at Johnson's PRC hearing that he should remain in the SMU, but failed to provide him with a DC-141, Part IV. This deficiency apparently caused Wenerowicz to grant Johnson another PCR hearing. That hearing took place on September 17, 2010, before Major Francis Fields and defendants White and Olinger. Johnson asserts that the DOC defendants once again failed to "establish a substantiated reason" for their decision to continue his placement in the SMU. Johnson was transferred to SCI-Fayette on October 12, 2010, and claims to have still not received a DC-141, Part IV, regarding the PRC's decision to keep him housed in the SMU. Johnson sought injunctive, declaratory and compensatory relief, as well as punitive damages.

The DOC defendants responded to the complaint with a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). In a Memorandum Opinion and Order entered on April 13, 2011, the District Court granted defendants' Rule 12(b)(6) motion and dismissed the amended complaint. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the District Court's grant of a Rule 12(b)(6) motion. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complainant must "provide the grounds of his entitlement to relief [with] more than labels and conclusions . . ..").  Having carefully reviewed the record, we agree with the District Court's disposition of Johnson's claims and do not hesitate to conclude that the District Court properly dismissed his amended complaint.

As the District Court correctly determined, Johnson's requests for injunctive and declaratory relief against the named DOC defendants were rendered moot by his transfer to SCI-Fayette, especially given the absence of any indication that he will once again be confined at SCI-Graterford. See Sutton v. Rasheed,  323 F.3d 236, 248 (3d Cir. 2003)

(citing <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975), and <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 206 (3d Cir. 1993)) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").

We further agree with the District Court's conclusion that the Eleventh Amendment affords the DOC defendants protection from suit in their official capacities. Under the Eleventh Amendment, states and state agencies are immune from suit for monetary damages in federal court. <u>See, e.g.</u>, <u>P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993). Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official capacities. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>see</u> <u>also</u> <u>Lavia v. Pa. Dep't of Corr.</u>, 224 F.3d 190, 195 (3d Cir. 2000). As we have previously noted, the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. <u>See</u> <u>Lavia</u>, 224 F.3d at 195; 42 Pa. Cons. Stat. Ann. ' 8521(b).

To the extent the DOC defendants were sued in their individual capacities, the District Court was correct to conclude that Johnson failed to state a claim for relief with respect to his Fourteenth and Eighth Amendment claims as they related to his confinement in the SMU. While states "may under certain circumstances create liberty interests which are protected by the Due Process Clause," <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), such interests are generally limited to "freedom from restraint which . . .

5

imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. We can find no fault with the District Court's conclusion that Johnson's transfer to the SMU for a five month period – even if he was transferred there without having received a copy of the DC-141, Part IV – did not implicate a protected liberty interest. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (confinement in administrative custody for fifteen months not atypical or significant deprivation). Johnson thus failed to demonstrate a due process violation. Likewise, because Johnson has not alleged that he was denied any basic human need, that he was "incarcerated under conditions posing a substantial risk of serious harm," or that prison officials demonstrated a "deliberate indifference" to his health or safety while he was housed in the SMU, he fails to state an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Griffin, 112 F.3d at 709.

Finally, we find that Johnson's Equal Protection claim is without merit for the reasons set forth in the District Court's Memorandum Opinion and dispose of it without further discussion. Having dismissed all of Johnson's claims over which it had original jurisdiction, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over his state law claims. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).

Accordingly, because the appeal lacks merit, we will dismiss it pursuant to 28

6

U.S.C. § 1915(e)(2)(B).  <u>Neitzke v. Williams</u>, 490 U.S. 319, 323 (1989).