**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3375
_____

DANIEL L. SPUCK,
                                    Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE;
ALAN ROBINSON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-00159)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 14, 2014)
_____

OPINION
_____

PER CURIAM

    Pro se appellant, Daniel Spuck, appeals from the order of the United States

District Court for the Western District of Pennsylvania dismissing his civil rights action

for failure to state a claim.  We will affirm the District Court's judgment.

Spuck is currently confined in the State Correctional Institution at Mercer, Pennsylvania. Back in June 2010, Spuck submitted a complaint naming as defendants the Pennsylvania Board of Probation and Parole ("the Board") and Alan Robinson, an attorney employed in the Chief Counsel's office of the Board. Two attempts to amend the complaint followed. To be certain, Spuck's complaint is a far cry from a model of clarity. In addition to complaining about the Board's particular policies and procedures as applied to him, Spuck alleged that the Board has "no constitutional jurisdiction to deny Parole." See Compl. at 2, IV(C). Spuck also alleged that Defendant Robinson, while representing the Board during proceedings before the Pennsylvania Supreme Court, "misled" the court with respect to whether certain exhibits had been made a part of the record. Id. at 3. Finally, it appears that Spuck intended to include such state law claims as dereliction of duty, fraud, and defamation of character. See id. at 2, III; 2nd Amended Compl. at 4, ¶ 18. Spuck sought various forms of injunctive relief and monetary damages.

The Board and Defendant Robinson sought to have the complaints dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Spuck's action was referred to a Magistrate Judge ("MJ"). Even with the liberal construction afforded a pro se litigant and the opportunity to twice attempt to amend his complaint, the MJ concluded that the complaint was subject to summary dismissal. (We note that the MJ determined that Spuck's "amendments" were more accurately viewed as opposition to defendants' motion to dismiss.) The MJ determined that the Board was protected from Spuck's suit by Eleventh Amendment immunity. With respect to Defendant Robinson, the MJ

concluded that Robinson could not be held liable for any alleged unconstitutional parole board procedures and rules solely by operation of *respondeat superior*, and that he was protected from liability for his conduct during proceedings before the state supreme court by prosecutorial immunity. Having determined that further amendment would be futile, the MJ issued a Report recommending that the motion to dismiss be granted and that the court decline to exercise supplemental jurisdiction over Spuck's state law claims. The MJ likewise recommended that Spuck's Motion to Supplement Newly Discovered Evidence, wherein he asserted that he had acquired evidence that a Board member did not "properly swear and take the Constitutional oath of Office," be denied.

After considering Spuck's objections, the District Court adopted the MJ's Report and Recommendation as the opinion of the court, granted defendants' motion to dismiss, and denied the motion to supplement. This timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant a motion to dismiss. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). In doing so, we presume the complaint's well-pleaded facts to be true and view them in the light most favorable to the non-moving party. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Initially, we note that Spuck does not appear to challenge the District Court's dismissal of the Board on Eleventh Amendment immunity grounds. See Kost v.

3

Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (An appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [his] opening brief."); see also Fed. R. App. P. 28(a)(5). Even if this issue were not waived, it is meritless. As the District Court correctly determined, the Eleventh Amendment affords the Board protection from suit in an action brought pursuant to 42 U.S.C. § 1983. See Harper v. Jeffries, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (citing Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam)). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. See Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); 42 Pa. Cons. Stat. Ann. § 8521(b). Additionally, Spuck did not allege that Defendant Robinson had any personal involvement in the parole suitability determination, and thus he could not be liable for an alleged constitutional violation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981) (liability in a civil rights action cannot be predicated solely on the operation of *respondeat superior*)).

Spuck does, however, specifically challenge the District Court's determination that Defendant Robinson is entitled to immunity for his actions in representing the Board in proceedings before the Pennsylvania Supreme Court. While we have not addressed this direct issue, we discern no error with the District Court's conclusion that a state agency attorney should be afforded such protection from liability in damages when carrying out courtroom functions. See, e.g., Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006) (citing Burns v. Reed, 500 U.S. 478, 484 (1991), and noting that absolute immunity attaches to those who perform functions integral to the judicial

4

process); Barrett v. United States, 798 F.2d 565, 572 (2d Cir. 1986) (extending absolute immunity to defending government litigators); Fry v. Melaragna, 939 F.2d 832, 837 (9th Cir. 1991) (extending absolute immunity to government attorneys involved in civil tax litigation in a state or federal court).

The other contentions that Spuck raises in his informal brief are likewise meritless and we dispose of them with little discussion. Spuck contends that the District Court erred in denying his request to supplement his filings with "newly discovered evidence that Appellee/Defendant Mangino was not eligible to preside or interview Appellant for parole," see Informal Br. at 3, because he was not "properly sworn in and or did not satisfy the requirements to be a legal Pennsylvania Board Member." See Mot. to Supplement Newly Discovered Evidence. However, Spuck did not name Mangino in his complaint nor did he seek to add him as a defendant in the two "amended complaints" that followed. While Spuck did make mention of Mangino in his third response to defendants' motion to dismiss, he did not have permission to file an amended complaint at this point and no additional parties were served. Spuck is a seasoned pro se litigant and was advised of the proper manner in which to file a proposed amended complaint. His failure to follow procedure appears to be an ongoing problem. See, e.g., Commonwealth v. Spuck, -- A.3d --, 2014 WL 527024, at *1 (Pa. Super. Ct. Feb. 10, 2014)(noting Spuck's "flagrant failure to file a brief that conforms to the Pennsylvania Rules of Appellate procedure"). As such, we cannot conclude that the District Court abused its discretion in handling his filings in the manner it did. Moreover, in light of the nature of the factual allegations set forth in Spuck's filings, we further find no abuse of

discretion on the part of the District Court in determining that allowing him leave to further amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Spuck's final contention on appeal is that the District Court "incorrectly permitted" the Pennsylvania Supreme Court to allow appellees to file a "second preliminary objection" to various challenges that he had made on appeal with respect to the Board's past decisions to deny him parole. (Spuck had attached the Board's decisions issued in 2007 and 2009 to his filings in the District Court.) As best we can decipher this claim, Spuck seeks to lodge some type of challenge against the decision of the state appellate court. Even assuming *arguendo* that such a claim had been properly presented to the District Court, review would have been precluded by the Rooker–Feldman doctrine, which provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).[1]

---

[1]    We would further note that Spuck's attempts to challenge the Board's decisions denying him parole would face their own issues in a § 1983 action. Even if Spuck had filed a proper amended complaint naming the individual Board members, his requests for monetary damages as a result of those adverse decisions would likely be precluded by the favorable termination bar set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Additionally, he would be required to seek relief via a petition filed pursuant to 28 U.S.C. § 2254 in order to proceed with any claim which could be construed as containing a request for release from confinement or expressly seeking to overturn the results of his prior parole proceedings. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005).

Assuming for the sake of argument that any of the arguments set forth in Spuck's filings could be construed as due process claims appropriately presented in a § 1983 complaint and assuming proper exhaustion, we conclude that he nonetheless failed to state a claim for relief. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per

Having dismissed all of Spuck's claims over which it had original jurisdiction, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over his state law claims.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).  Accordingly, we will affirm the judgment of the District Court.

curiam) (We "may affirm the District Court's judgment on any basis supported by the record.").  While states may, under certain circumstances, create liberty interests that are protected by the due process clause, see Sandin v. Conner, 515 U.S. 472, 484 (1995), procedural due process is generally satisfied if the procedures employed afford notice of the hearing, an opportunity to be heard, and notice of any adverse action.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979).  Spuck has not alleged that the Board members did not comply with these procedures.  Nor has he stated a claim for a substantive due process violation as he would have to show that the violation involved action that shocks the conscience.  See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 425 (3d Cir. 2006). "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). From a review of the Board decisions that Spuck himself provided, there is no indication that the Board weighed his parole suitability factors in an arbitrary manner, let alone in a "conscience-shocking" one.