ALD-303                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1182
_____

EDWIN MALPICA GARCIA,
Appellant

v.

D.H.O. A. JORDAN; LT. J. SEEBA; SIS TIM CRAWFORD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:15-cv-02447)
District Judge: Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016
Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: June 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Edwin Malpica Garcia, a federal inmate proceeding pro se, appeals the District

Court's dismissal of his complaint. We will summarily affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In December 2015, Malpica Garcia filed a complaint alleging that prison officials violated his civil rights while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Malpica Garcia claimed that the officials fabricated a urine sample that tested positive for phenobarbital and barbiturates. As a result of the positive test, he lost 41 days of good-conduct time. In his suit, he sought restoration of his good-time credits and monetary and punitive damages against the prison officials. The District Court dismissed the case without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915, determining that Malpica Garcia must raise his good-time challenge in a habeas corpus proceeding. The District Court also determined that Malpica Garcia could not seek damages until his good-time sanction is invalidated, either through habeas corpus or an administrative challenge. Malpica Garcia appeals. He also seeks appointment of counsel.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to the screening provisions of 28 U.S.C. § 1915, we exercise de novo review. See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

As the District Court concluded, a prisoner who is challenging the execution of his sentence must pursue relief in a federal habeas corpus petition. See Woodall v. Fed.

Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). It is well-established that an inmate can challenge the loss of good-time credits as a result of a prison disciplinary proceeding only through a habeas petition. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (explaining that habeas corpus is the exclusive remedy when a prisoner seeks "a speedier release from… imprisonment" through restoration of good-time credits). Thus, Malpica Garcia must file a habeas corpus petition to challenge his loss of good-time credits.

Additionally, Malpica Garcia must first succeed in having his good-time credits restored before he can seek damages against prison officials. The Supreme Court has held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can show that the conviction or sentence has been invalidated. Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). The Court in Heck explained that the principle that civil tort actions are not the proper vehicles to challenge the validity of a criminal judgment applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. Heck, 512 U.S. at 486. Similarly, in Balisok the Supreme Court ruled that a claim for damages and declaratory relief, brought by a state prisoner challenging the validity of the procedures used in his disciplinary proceedings to deprive him of good-time credits, is not cognizable under § 1983 if a judgment in his favor would necessarily imply the invalidity of the loss of good-time credits. Balisok, 520 U.S. at 643-46. The reasoning in Heck has been applied to bar civil

3

rights claims against federal officials. <u>Lora-Pena v. FBI</u>, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam). Accordingly, as the District Court explained, Malpica Garcia must first succeed in challenging his good-time sanction before he may bring his claims for damages.

IV.

For the above reasons, we will affirm the District Court's order dismissing Malpica Garcia's complaint. Malpica Garcia's motion for appointment of counsel is denied.