CLD-021                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1967
_____

CLARENCE D. SCHREANE,

Appellant

v.

ROBERT MARR, Correction Counsel,
individual capacity Defendant USP Lewisburg;
B. CHAMBERS, Disciplinary Hearing Officer,
individual capacity Defendant USP Lewisburg;
T. LYNN, Education Dept., individual
capacity Defendant USP Lewisburg;
MR. DILTZ, Correction Counsel,
individual capacity Defendant;
D. OLSESKIE, ISM Manager, individual capacity;
SARAH DEES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3-15-cv-01204)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2017
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:  January 19, 2018)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Clarence Schreane, proceeding in forma pauperis, appeals from the District Court's grant of summary judgment in favor of defendants in an action Schreane brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, we will summarily affirm the District Court's judgment with one modification.

I.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. Schreane is a federal inmate who was formerly incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").[1] He brought a Bivens action in the District Court against a number of employees at USP-Lewisburg: Corrections Counselor Robert Marr, Disciplinary Hearing Officer B. Chambers; T. Lynn, Corrections Counselor Diltz, Supervisory Correctional Program Specialist D. Olsheskie, and Paramedic Sarah Dees. See Dkt. Nos. 1, 15.

Schreane alleges a number of constitutional violations by defendants. Schreane filed a lawsuit in February 2014. He claims that Marr retaliated against him for filing the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Schreane is presently incarcerated in Florence, Colorado.

lawsuit by fabricating a misconduct report against him. Marr wrote a misconduct report on February 20, 2014 stating that Schreane violently threatened him. As a result, the Acting Warden authorized staff to immediately remove Schreane from his cell, place him in ambulatory restraints, and move him to a confinement cell for several hours. USP-Lewisburg's records indicate that staff regularly checked on Schreane while he was confined; defendant Dees conducted two health services restraint checks.[2]

The following month, defendant Chambers conducted a disciplinary hearing regarding Marr's misconduct report. Defendant Lynn acted as Schreane's staff representative. Schreane alleges that Chambers and Lynn violated his due process rights at the hearing. He claims that Lynn mishandled his documents, failed to interview a witness, failed to secure a surveillance videotape of his time in ambulatory restraints, and failed to present information that he wanted her to present at the hearing. Schreane also requested that Chambers be replaced by an alternate hearing officer because he believed Chambers to be biased against him; this request was denied. Chambers found Schreane guilty of threatening Marr and sanctioned him to a loss of 27 days good conduct time and 20 days of non-vested good conduct time. See Dkt. No. 32-4 at ECF p. 1.

Schreane also claims that defendant Olsheskie violated his First Amendment right to free speech by preventing him from receiving magazines on one occasion and mishandling other mail. Olsheskie oversees the inmate records office, the mail room, and

---

[2] Dees is the only defendant Schreane names who appears to have had any interaction with him during his placement in ambulatory restraints and subsequent confinement.

3

"[r]eceiving and [d]ischarge functions" at USP-Lewisburg. Dkt. No. 32-5 at ECF p. 1. Olsheskie's office is located away from the mail room and he is not personally involved in daily mail processing other than handling questions brought to him by mail room staff. Id. USP-Lewisburg processes between hundreds and thousands of pieces of mail every day. Id. In a declaration, Olsheskie maintains that he was not aware of Schreane's claims until he filed his case in the District Court. Id.

The Bureau of Prisons' database for tracking administrative remedies shows that Schreane filed twenty-three administrative remedies between February 2014 and October 2015. Dkt. No. 32-1 at ECF p. 71-83. Six of his remedies were appeals to the Central Office. Id. at ECF p. 85-88. Three out of those six appeals are relevant to Schreane's present case: those relating to Marr's incident report, Schreane's lost magazines, and Schreane's claim that USP-Lewisburg staff were tampering with his mail. See id. Schreane claims that sometime in late 2013, defendant Diltz denied him a letter explaining why one of his administrative appeals was untimely filed.

Schreane filed his complaint in this case in June 2015 and an amended complaint in September 2015 specifying the damages he sought. All defendants filed a motion in November 2015 to dismiss Schreane's claims, or in the alternative, grant them summary judgment. Dkt. No. 21; see Dkt. No. 31, 32.

The District Court granted defendants summary judgment on all of Schreane's claims on April 3, 2017. It held that: (1) Schreane failed to exhaust several of his claims, including his claims against Diltz and Dees and one claim against Marr; (2) Schreane's

4

procedural due process claims against Chambers and Lynn were barred by the rule set out in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); (3) Olsheskie was entitled to summary judgment on Schreane's First Amendment freedom of speech claims because Schreane failed to show any genuine issue of material fact regarding Olsheskie's personal involvement with his mail; and (4) Marr was entitled to summary judgment on Schreane's First Amendment retaliation claim because Schreane did not present any evidence that would allow a fact-finder to infer that Marr's misconduct report was retaliatory. Dkt. No. 72 at ECF p. 14-26. Schreane filed a timely notice of appeal challenging the grant of summary judgment for defendants. Dkt. No. 77. He has also filed a motion for appointment of counsel.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment; thus, we apply the same standard as the district court. <u>Blunt v. Lower Merion Sch. Dist.</u>, 767 F.3d 247, 265 (3d Cir. 2014). We will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party. <u>Id.</u> at 255. However, a mere "scintilla of

5

evidence" in support of the non-moving party does not create a genuine issue of material fact. Id. at 252. Additionally, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment." Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016). We may summarily affirm a district court's decision "on any basis supported by the record." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

A.      Exhaustion of Administrative Remedies

Schreane failed to properly exhaust his administrative remedies for several of his claims. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before bringing a suit alleging unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); see Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (noting that section 1997e(a) "applies equally to § 1983 actions and to Bivens actions"). "[P]roper exhaustion of administrative remedies is necessary" to fulfill the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An inmate must substantially comply with a prison grievance system's procedural rules to avoid procedural default of a claim. See Spruill v. Gillis, 372 F.3d 218, 228-32 (3d Cir. 2004).

To properly exhaust a claim in a Bivens action, a federal inmate must first attempt informal resolution of his complaint with staff and, if dissatisfied, he must submit a formal written request for an administrative remedy to a designated staff member. 28 C.F.R. §§ 542.13-542.14. An inmate may then appeal that response to the appropriate

6

Regional Director.  Id. § 542.15.  Finally, an inmate may appeal the Regional Director's

decision to the General Counsel in the Central Office.  Id. § 542.15(a).  "Appeal to the

General Counsel is the final administrative appeal."  Id.

With their motion for summary judgment, defendants produced a record of the

administrative remedies Schreane filed during the timeframe relevant to his claims.  See

Dkt. No. 32-1 at ECF p. 71-83.  Schreane has presented no credible evidence challenging

this record.[3]  It appears uncontested that Schreane filed twenty-three administrative

remedies between February 2014 and October 2015, that six of those remedies were

appeals to the Central Office level, and that of those six, three pertain to Schreane's

claims in this case.

---

[3] "An inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016).  In an affidavit Schreane submitted in response to defendants' motion, he claims that he "put forth his best effort[] to exhaust his [a]dministrative [r]emed[ies]" before filing his case.  Dkt. No. 43 at ECF p. 5.  He states that he cannot use a remedy that has not been made available to him because the prison takes "years to respond" to some complaints and some administrative remedies are lost "by staff in bad faith."  Dkt. No. 43 at ECF p. 7.  His only detailed allegation is that defendant Diltz failed to provide him with a letter that he needed to explain why one of his administrative appeals was untimely, but that appeal does not relate to a claim at issue in this case.  See Dkt. No. 32-1 at ECF p. 16, 77.

Schreane provides no details to support his allegation that he was unable to exhaust his administrative remedies for his current claims.  The undisputed record showing twenty-three administrative remedies that Schreane filed between February 2014 and October 2015 contradicts his generalized assertion that he was unable to access USP-Lewisburg's grievance process.  See Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (stating that a party opposing summary judgment cannot "rely merely upon bare assertions, conclusory allegations, or suspicions" to show the existence of a genuine issue of material fact).  Without information about his attempts to complete the grievance process for the unexhausted claims at issue here, Schreane cannot show that the administrative remedy process was unavailable to him.

7

Schreane's fully exhausted claims, as defendants concede, see Dkt. No. 31 at ECF p. 17, are those pertaining to his mail and the misconduct report issued by Marr. See Dkt. No. 32-1 at ECF p. 85-88. Therefore, summary judgment was properly entered for defendant Marr on Schreane's claim that Marr denied him postage stamps and for defendants Diltz and Dees.

B.      Claims Related to Schreane's Loss of Good Conduct Time Credits

The District Court properly held that Schreane's Fifth Amendment procedural due process claims against Chambers and Lynn are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that if the success of a previously convicted plaintiff's section 1983 damages claim "would necessarily imply the invalidity of his conviction or sentence," the plaintiff may only bring his claim if he "can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has extended the rule in Heck to prison disciplinary sanctions, preventing a prisoner from bringing a section 1983 suit where the success of that suit would "necessarily imply the invalidity of the deprivation of his good-time credits." Edwards v. Balisok, 520 U.S. 641, 646 (1997). "[T]he sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus." Id. at 643-44.

The Heck bar applies to Bivens claims. Lora-Pena v. F.B.I., 529 F.3d 503, 505 n.2 (3d Cir. 2008). It applies to claims involving money damages as well as those seeking equitable and declaratory relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

8

Schreane challenges Lynn and Chambers' actions during a disciplinary proceeding that resulted in the loss of good-time credits, seeking compensatory and punitive damages and declaratory relief. Although Schreane does not specifically challenge the loss of his good-time credits, like the plaintiff in Balisok, a ruling that the disciplinary hearing officer was biased against Schreane or that he was prevented from presenting his defense would necessarily imply the invalidity of the lost time. See Balisok, 520 U.S. at 646-47. Thus, we agree with the District Court that Heck and Balisok preclude consideration of Schreane's procedural due process claims at this time.[4]

Similarly, Schreane's First Amendment retaliation claim by Marr is barred by the Heck rule. Schreane claims that Marr falsified a misconduct incident in order to retaliate against him for filing a lawsuit. The only evidence presented at Schreane's disciplinary hearing was Marr's misconduct report and Schreane's statements in his own defense. See Dkt. No. 32-4 at ECF p. 8-9. There is a direct connection between Schreane's First Amendment retaliation claim and his loss of good-time credits — if successful, it would invalidate the sole basis for his disciplinary sanctions as a fabrication in retaliation for Schreane's exercise of his constitutional rights. Thus, Schreane's First Amendment

---

[4] In its analysis of Schreane's procedural due process claims, the District Court noted that "to the extent Mr. Schreane seeks to assert a due process violation against Counselor Marr for issuing a false misconduct, this claim, without more, fails." Dkt. No. 72 at ECF p. 19. Schreane does not appear to allege that Marr violated his due process by issuing the misconduct; rather, he denies that he engaged in any misconduct and primarily argues that Marr falsified the misconduct report to retaliate against him. Regardless, any due process claim Schreane may have asserted against Marr would be barred by Heck and Balisok for the same reasons as his other due process claims against Lynn and Chambers cannot be heard at this time.

retaliation claim also necessarily implies the invalidity of the loss of his good-time

credits.  See Balisok, 520 U.S. at 646.

Claims that are barred by Heck and Balisok should be dismissed without prejudice

to the plaintiff pursuing relief through the proper avenue — a habeas corpus petition.

Haywood v. Hathaway, 842 F.3d 1026, 1028 (7th Cir. 2016) ("A dismissal under Heck

and [Balisok] is without prejudice to litigation after a conviction or disciplinary sanction

is annulled.").  Here, the District Court granted summary judgment to defendants on all

counts, including Schreane's procedural due process and First Amendment retaliation

claims.[5]  Accordingly, we will modify the District Court's entry of summary judgment to

a dismissal of Schreane's procedural due process and First Amendment retaliation claims

without prejudice to a challenge to his loss of his good-time credits through the filing of a

federal habeas corpus petition pursuant to 28 U.S.C. § 2241.

C.      First Amendment Freedom of Speech Claims Against Defendant Olsheskie

Finally, we agree with the District Court that Olsheskie was entitled to summary

judgment on Schreane's First Amendment freedom of speech claims relating to his mail.

"A Bivens action . . . will lie where the defendant has violated the plaintiff's rights under

---

[5] Defendants requested dismissal on Schreane's procedural due process claims, see Dkt.
No. 31 at ECF p. 21, and the District Court did not discuss granting summary judgment
to defendants on those claims in its memorandum, see Dkt. No. 72 at ECF p. 20.
However, the District Court's final order grants summary judgment to defendants on all
claims.  See Dkt. No. 73.
     Additionally, the District Court granted summary judgment to Marr on Schreane's
First Amendment retaliation claim based on its analysis of the merits of his claim.  Dkt.
No. 72 at ECF p. 20-26.  Neither we nor the District Court can rule on the merits of his
claim at this time due to the Heck bar.

10

color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Government officials can only be held liable under Bivens for their own individual conduct. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There is no liability "for the unconstitutional conduct of [a government official's] subordinates under a theory of respondeat superior." Id. A plaintiff must establish that a defendant personally directed or had "actual knowledge and acquiescence" of the alleged unconstitutional conduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Defendants have produced evidence showing Olsheskie's limited role as supervisor of the mail room. Schreane argues that "any complaint that [is] brought[] before the mailroom, has been brought before the supervisor." See Dkt. No. 42 at ECF p. 6. He contends that "the Court should find it hard to believe that Ols[he]skie, was not notified, or had any knowledge of []his complaint" and that "it is a fact that Olsheski[e] was aware, upon Schreane filing his complaint," about his claims. See id. Even if that were true, establishing a defendant's knowledge of a constitutional violation after it occurred is insufficient to show that he personally directed that violation or had actual knowledge of it at the time it occurred. See Rode, 845 F.2d at 1208 (holding that the submission of an after-the-fact grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred). Schreane has not shown a genuine issue of material fact regarding Olsheskie's involvement in his freedom of speech claims.

11

Additionally, Schreane only provides details about his claim that USP-Lewisburg lost his magazines once; he provides no information about other alleged instances of mail tampering. Typically, a violation of an incarcerated plaintiff's right of free speech cannot be established through a single isolated instance of mail interference, as Schreane claims occurred with his lost magazines. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Thus, summary judgment was properly granted for Olsheskie on Schreane's First Amendment freedom of speech claims.

IV.

Because Schreane's appeal fails to present a substantial question, we will summarily affirm the District Court's April 3, 2017 order with one modification. The judgment of the District Court on Schreane's procedural due process and First Amendment retaliation claims will be modified to show dismissal of those claims without prejudice. Schreane's motion for appointment of counsel is denied as moot.

12